■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY JACKSON, JR., Appellant. [708 NYS2d 416] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered November 12, 1996, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the County Court, Suffolk County, for further proceedings consistent herewith.

In exchange for his plea, the defendant was promised that he would be placed in a Treatment Alternatives to Street Crime (hereinafter TASC) drug treatment program. The defendant was advised that if he successfully completed the program, the current charges against him would be dismissed. Additionally, the defendant was warned that if he failed to complete the TASC program he would be sentenced to an indeterminate term of imprisonment of three to six years. When the defendant appeared for sentencing, however, it was revealed that the TASC program to which he was sent would not permit him to take Prozac for his pre-existing psychiatric condition, and as a result, he was terminated from the program without completing it. The defendant thereupon asked that he be allowed to withdraw his plea on the ground that the drug treatment program was not suitable for him. The County Court rejected the defendant's application, and proceeded to sentence the defendant to an indeterminate term of imprisonment of three to six years.

While the decision to allow a defendant to withdraw a plea of guilty generally rests in the sound discretion of the trial court (*see,* CPL 220.60 [3]; *People v Brown,* 251 AD2d 677), it is

well settled that a plea induced by an unfulfilled promise either must be vacated or the promise honored (*see, People v Selikoff,* 35 NY2d 227, 241, *cert denied* 419 US 1122). Under the circumstances herein, the defendant did not truly receive the benefit of his plea agreement. Thus, the County Court should have allowed the defendant to withdraw his plea. Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.