THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN RODRIGUEZ, Appellant. [735 NYS2d 168] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered March 18, 1999, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The defendant pleaded guilty to burglary in the second degree and criminal trespass in the second degree in exchange for a promise that he would not be sentenced to imprisonment if he successfully completed an 18-to-24-month inpatient drug treatment program. He was warned that if he failed the program, he would receive a sentence of seven years imprisonment. The defendant was returned to the Supreme Court after it came to the court's attention that he had relapsed and had been discharged from the treatment program. Based on the defendant's allegations that the treatment program was in disarray and that he was seeking another program, the Supreme Court ordered a hearing on the circumstances surrounding his discharge.

At the hearing, the defense counsel stated that a counselor formerly with the defendant's program had been incarcerated and that the counselor had been selling drugs to the program's patients. Furthermore, she stated that there were allegations of pervasive drug problems at the facility, but she had not had an opportunity to investigate. Without making any further inquiry, the Supreme Court, based on the defendant's relapse alone, held that he failed to fulfill his obligation under the plea agreement. Prior to sentencing, the defendant asserted that he had not received the treatment and drug-free environment he had bargained for, but rather had been placed in a drug-infested shelter where the residents were not receiving treatment because the counselors were using drugs. Nevertheless, the defendant was sentenced to seven years imprisonment on the charge of burglary in the second degree. The remaining charge was dismissed.

"[A] plea induced by an unfulfilled promise either must .be vacated or the promise honored" (*People v Jackson,* 272 AD2d 342, 343; *see, People v Selikoff,* 35 NY2d 227, 241, *cert denied* 419 US 1122; *People v Kloczkowski,* 199 AD2d 538). It is implicit to a promise of drug treatment as an alternative to imprisonment that the defendant will have access to a facility suited to provide him or her with a reasonable opportunity to deal with the addiction and to satisfactorily complete a program designed to that end. Here, the defendant's allega-

tions raised an issue as to whether he received the benefit of the bargain that was not satisfactorily resolved by the Supreme Court. In an analogous context, the Court of Appeals held that when an issue is raised as to the legitimacy of a postplea arrest, which would constitute a breach of a plea agreement, a defendant is entitled to "an inquiry at which the defendant has an opportunity to show that the arrest is without foundation" (*People v Outley*, 80 NY2d 702, 713). The *Outley* Court also held that while the "nature and extent of the inquiry * * * is within the court's discretion * * * [t]he inquiry must be of sufficient depth, however, so that the court can be satisfied—not of defendant's guilt of the new criminal charge but of the existence of a legitimate basis for the arrest on that charge" (*People v Outley, supra*, at 713). Here, this standard was not met, as the Supreme Court improperly terminated the proceedings upon its conclusion that a mere relapse alone was sufficient to constitute a breach of the plea agreement. Thus, we reverse and remit the matter to the Supreme Court, Kings County, for a proper inquiry, and for a new determination as to whether the defendant was afforded the benefit of the bargain and, consequently, whether he breached the plea agreement (*cf., People v Craig*, 281 AD2d 429). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.