OPINION OF THE COURT
Laura A. Ward, J.
The defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree. (Penal Law §§ 110.00, 220.39.) The defendant was promised participation in the Interim Probation Supervision program (IPS) and, upon successful completion of IPS, the defendant would be sentenced to five years’ probation. After interviewing the defendant, IPS informed the court that the defendant could not participate in its program because the defendant was not a citizen or legal resident of the United States. The defendant claims that he was never told that he could be denied IPS if he was not a citizen or legal resident of the United States. The defendant now seeks to withdraw his guilty plea, alleging that had he been *738 aware that his immigration status would have precluded his acceptance by IPS, he would not have pleaded guilty.*
Upon a review of the plea minutes, the court acknowledges that the defendant was not advised that if he was not a citizen or legal resident of the United States he would be unable to participate in IPS. As the Court held in People v Jackson (272 AD2d 342, 342-343 [2d Dept 2000]): “it is well settled that a" plea induced by an unfulfilled promise must either be vacated or the promise honored.” Here, as in Jackson, the defendant has not received the benefit of his plea and thus he should be permitted to withdraw his plea.
The motion to allow the defendant to withdraw his plea of guilty is granted.

 While the People were given an opportunity to respond to this motion, no response has been filed with the court.