■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR RIVERA, Appellant. [820 NYS2d 306]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrero, J.), rendered October 2, 2003, convicting him of robbery in the first degree (five counts), attempted robbery in the first degree, and menacing in the second degree (six counts), upon a plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, and that the matter is remitted to the Supreme Court for further proceedings in accordance herewith.

The defendant received an enhanced sentence after it was found that he failed to satisfy a condition of his plea bargain that required him to successfully complete a drug treatment program. The defendant allegedly was discharged from the program after he relapsed. However, the defendant disputed the relapse at the sentencing, and the Supreme Court failed to conduct an inquiry sufficient to assure that there was a legitimate basis for the defendant's discharge from the program and that the information upon which the court based the enhanced sentence was reliable and accurate (*see People v Outley,* 80 NY2d 702, 713 [1993]; *People v Gonzalez,* 2 AD3d 536 [2003]; *People v Rodriguez,* 289 AD2d 512, 514 [2001]). Thus, the matter must be remitted to the Supreme Court, Kings County, for a new inquiry and determination regarding the defendant's discharge from the program and for resentencing thereafter.

The People correctly assert that the defendant's claim that his expulsion from the drug treatment program was the result of a "false positive," and his further claim that this "false positive" was, in turn, the result of the prior administration to him of the drug lidocaine during the course of a prior dental procedure, are improperly being raised for the first time on appeal

and concern matters that are dehors the record. However, because a further inquiry is needed for the reasons noted above, the defendant's claim in this regard may also be addressed.

The defendant's remaining contentions are without merit. Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.