■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES OUANOUNOU, Appellant. [838 NYS2d 446]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered October 11, 2005, convicting him of criminal possession of stolen property in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On May 9, 2005 the defendant, who was out on bail, pleaded guilty to criminal possession of stolen property in the third degree. The plea bargain included a promise of a sentence of two to four years upon the condition, inter alia, that the defendant not be arrested between the date of the plea and his sentencing, which was originally set for June 23, 2005. At the defendant's plea allocution, the Supreme Court warned the defendant that his violation of the conditions of the plea agreement, including his rearrest, could result in the imposition of a sentence of imprisonment of 3½ to 27 years. The defendant was arrested on June 22, 2005 after being caught breaking into a parked automobile. After an *Outley* hearing (*see People v Outley*, 80 NY2d 702, 713 [1993]), the Supreme Court (Spires, J.) found that the arrest on June 22, 2005 was legitimate. Based upon, inter alia, that determination, the Supreme Court sentenced the defendant to an enhanced sentence of imprisonment of three to six years. It is also undisputed that the defendant subsequently pleaded guilty to a misdemeanor arising out of the arrest on June 22, 2005.

Contrary to the defendant's contention, the Supreme Court properly determined, after a hearing, that there was a legitimate basis for the defendant's arrest on June 22, 2005. Based upon that determination, the Supreme Court (Kron, J.) did not err in imposing an enhanced sentence in accordance with the terms of the defendant's plea bargain (*see People v Outley, supra; People v Messenger*, 7 AD3d 642 [2004]; *see also People v Valencia*, 3 NY3d 714, 715-716 [2004]; *cf. People v Rodriguez*, 289 AD2d 512, 513-514 [2001]; *Torres v Berbary*, 340 F3d 63, 70-72 [2003]). Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.