People v Catanzaro (2018 NY Slip Op 00561)





People v Catanzaro


2018 NY Slip Op 00561


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
L. PRISCILLA HALL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-01970
2016-01971

[*1]The People of the State of New York, respondent,
v
Joseph Catanzaro, appellant. (Ind. Nos. 1380/13, 9958/13)


Paul Skip Laisure, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Aleena R. Peerzada and Daniel Morales on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Frederick C. Arriaga, J.), both rendered February 10, 2016, convicting him of burglary in the second degree (two counts) under Indictment Nos. 1380/13 and 9958/13, respectively, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant pleaded guilty to two counts of burglary in the second degree under two separate indictments in exchange for the Supreme Court's promise that, if the defendant successfully completed a substance abuse treatment program, the indictments would be dismissed. The court explained that, if the defendant violated the terms of the plea agreement, he would be sentenced to two concurrent determinate terms of imprisonment of 10 years, to be followed by 5 years of postrelease supervision. After he was discharged from his fourth substance abuse treatment facility for having obtained a controlled substance on a prescription not through an affiliate of the substance abuse treatment center, the court conducted an inquiry as to whether there were legitimate bases for the defendant's discharges from the drug treatment programs, and whether the information supplied to the court was reliable and accurate (see People v Fiammegta, 14 NY3d 90, 98; People v Rivera, 32 AD3d 446, 446). Upon finding, among other things, that the bases for the discharges were legitimate, the court declined the defendant's request for a further opportunity for drug treatment, and sentenced the defendant to two concurrent determinate terms of imprisonment of seven years, to be followed by five years of postrelease supervision.
Contrary to the defendant's contention, the record demonstrates that his waiver of the right to appeal was knowing, intelligent, and voluntary (see People v Bryant, 28 NY3d 1094; People v Sanders, 25 NY3d 337; People v Lopez, 6 NY3d 248). The defendant's valid waiver of his right to appeal forecloses his claims that the Supreme Court improvidently exercised its discretion in imposing an enhanced sentence, as well as his claim that the enhanced sentence was excessive (see People v Gary, 106 AD3d 932, 932-933; People v Emma, 101 AD3d 1146, 1147).
CHAMBERS, J.P., HALL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court