People v Dimon (2018 NY Slip Op 05688)





People v Dimon


2018 NY Slip Op 05688


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-01012 ON MOTION
 (Ind. No. 90-16)

[*1]The People of the State of New York, respondent,
v
Aura A. Dimon, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Derrick J. Robinson, J.), rendered December 15, 2016, convicting her of criminal mischief in the third degree and reckless endangerment in the second degree, upon her plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Laurette D. Mulry for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,
ORDERED that Steven A. Feldman, 626 RXR Plaza, West Tower, 6th Floor, Uniondale, NY, 11556 is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated March 29, 2017, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
The brief submitted by the appellant's counsel pursuant to Anders v California (386 US 738) was deficient because it failed to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (see People v McNair, 110 AD3d 742; People v Singleton, 101 AD3d 909, 910; People v Ovalle, 99 AD3d 1023, 1024; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 256). Since the brief did not demonstrate that assigned counsel fulfilled her obligations under Anders v California, we must assign new counsel to represent the [*2]appellant (see People v Rivera, 142 AD3d 512, 513; People v Parker, 135 AD3d 966, 968; People v Sedita, 113 AD3d 638, 639-640; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Moreover, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the appellant's plea was knowing, voluntary, and intelligent (see Boykin v Alabama, 395 US 38; People v Tyrell, 22 NY3d 359; People v Peque, 22 NY3d 168; People v Fiumefreddo, 82 NY2d 536), whether the defendant's right to a hearing to determine whether she, in fact, violated the conditions of the plea was violated (see People v Rodriguez, 289 AD2d 512, 514), and if the appellant was competent at the time of sentencing (see CPL 730.30[1]; People v Tortorici, 92 NY2d 757; People v Francabandera, 33 NY2d 429; People v Bangert, 22 NY2d 799).
RIVERA, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court