People v Dimon (2019 NY Slip Op 05417)





People v Dimon


2019 NY Slip Op 05417


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2017-01012
 (Ind. No. 90/16)

[*1]The People of the State of New York, respondent,
v
Aura A. Dimon, appellant.


Steven A. Feldman, Uniondale, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Derrick J. Robinson, J.), rendered December 15, 2016, convicting her of criminal mischief in the third degree and reckless endangerment in the second degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith.
The defendant pleaded guilty to criminal mischief in the third degree (Penal Law § 145.05[2]) and reckless endangerment in the second degree (Penal Law § 120.20), in exchange for a promise that she would be placed in a Mental Health Court program (hereinafter the program). Pursuant to the plea agreement, if the defendant successfully completed the program, her conviction of criminal mischief in the third degree would be dismissed, her conviction of reckless endangerment in the second degree would be reduced to disorderly conduct (Penal Law § 240.20), and she would be sentenced thereon to a conditional discharge. She was warned, however, that if she failed to complete the program, she would be sentenced to concurrent terms of imprisonment of one year as to each count.
At the sentencing proceeding, the County Court sentenced the defendant to concurrent definite terms of imprisonment of one year based on the prosecutor's representation that the defendant had not successfully completed the program.
The defendant contends that she was entitled to a hearing to determine whether she violated the conditions of her plea agreement. We agree. The County Court failed to conduct an inquiry sufficient to assure that the defendant had, in fact, violated the terms of the plea agreement and that the information upon which it based the sentence was reliable and accurate (see People v Fiammegta, 14 NY3d 90, 97; People v Outley, 80 NY2d 702, 712; People v Green, 45 AD3d 780; People v Rivera, 32 AD3d 446; People v Rodriguez, 289 AD2d 512, 513-514; People v Jackson, 272 AD2d 342, 343). Thus, we remit the matter to the County Court, Suffolk County, for a sufficient [*2]inquiry and a new determination as to whether the defendant violated the terms of the plea agreement, and for resentencing thereafter.
Moreover, as acknowledged by the People, the County Court should not have pronounced sentence without first receiving a presentence investigation report (see CPL 390.20[1], [2][b]; People v Selikoff, 35 NY2d 227, 238; People v Grice, 64 AD2d 718).
The defendant's remaining contentions are without merit.
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court