**James INNES, Petitioner,**

v.

**Stephen DALSHEIM, Superintendent, Downstate Correctional Facility, Robert Abrams, Attorney General of the State of New York, John Santucci, District Attorney, Queens County, Respondents.**

No. 87 C 2064.

United States District Court, E.D. New York.

Feb. 4, 1988.

James Innes, pro se.

Robert Abrams, Atty. Gen. of N.Y. (Monica R. Jacobson, Asst. Atty. Gen., of counsel), New York City, for respondents.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254.

Pursuant to a plea agreement to a total concurrent sentence of 4½ to 9 years, petitioner pled guilty on December 19, 1983 before the Supreme Court, Queens County, to four counts of robbery in the second degree. The court accepted the plea agreement and conditioned petitioner's remaining at liberty pending sentence on, among other things, petitioner's not getting "rearrested and charged with any other crimes or offenses." The court told petitioner that if he violated any of the conditions he faced a possible 60 years.

On the sentence date the court said it had documentation from the District Court in Nassau County that petitioner had been arrested and charged with four separate

robberies, three of them while he was at liberty. The court therefore ruled petitioner had breached the agreement, denied a motion to withdraw the plea, and sentenced him to 15 to 30 years. The Appellate Division reversed and remanded, *People v. Innes*, 107 A.D.2d 712, 484 N.Y.S.2d 68 (2d Dep't 1985), but thereafter granted reargument, vacated its prior order, and affirmed the sentence. 111 A.D.2d 356, 489 N.Y.S. 2d 121 (2d Dep't 1985). The Court of Appeals denied leave to appeal.

■ Claiming that enforcement of the condition not to get arrested and charged with new crimes violated the due process clause, petitioner asks this court to order performance of the plea agreement or, in the alternative, to vacate the conviction.

Petitioner's chief claim is based on the premise that a sentencing court may not constitutionally attach as a condition to a plea agreement permitting a defendant to remain at large that he not get arrested and charged pending sentence. The argument is that an arrest is not within the defendant's control and that he may be arrested maliciously or without cause. Thus, petitioner urges that plea agreements such as his violate due process because a defendant might be wrongfully arrested and accused when engaging in wholly innocent behavior.

This court does not read the plea agreement to mean that an arrest under the hypothetical situation posed by petitioner would constitute a breach or that petitioner would be foreclosed from urging before sentence that he had done nothing while at liberty to justify arrest.

The language in which the sentencing court put the conditions appears in the following colloquy:

> THE COURT: Do you further understand this Court is conditioning your remaining at liberty and the pleas in this case on the following, number one, that you show up for sentence, number two, that you cooperate with probation, number three, most important, that you don't get re-arrested and charged with any other crimes or offenses; do you understand that?

THE DEFENDANT: Yes.

The court then asked if petitioner understood that if he violated "any of the conditions outlined by the Court" he faced "the possibility of consecutive sentences totalling thirty to sixty years." Petitioner responded that he did so understand.

In telling petitioner he must not "get" arrested and charged, plainly the court did not mean malicious or otherwise baseless arrests and charges. Petitioner was thus entitled at sentence to assert that the charges did not fairly stem from anything he did. *See United States v. Lee*, 818 F.2d 1052, 1056–57 (2d Cir.1987). Yet he made no such claim.

■ The due process clause limits the circumstances under which breach of a plea agreement may be charged to a defendant. In *Ricketts v. Adamson*, ── U.S. ──, 107 S.Ct. 2680, 2686, 97 L.Ed.2d 1 (1987), the Supreme Court said that where such a breach exposes a defendant to prosecution on a greater included offense, the prohibition against double jeopardy requires that the breach be knowing. It follows that where a breach will subject the defendant to increased punishment, due process requires some knowing action by the defendant. Indeed, the government by its own misconduct may not manipulate a breach by a defendant. *Cf. Oregon v. Kennedy*, 456 U.S. 667, 673–74, 102 S.Ct. 2083, 2088, 72 L.Ed.2d 416 (1982) (double jeopardy clause prohibits retrial after a mistrial intentionally provoked by government). *See generally* Note, Double Jeopardy, Due Process, and the Breach of Plea Agreements, 87 Colum.L.Rev. 142, 157–59 & n. 100 (1987) (double jeopardy and due process may require that breach of plea agreement be knowing or reckless and not fostered by governmental misconduct).

Petitioner does not suggest that he was such a victim. When the court told him that one condition of his remaining at liberty was that "you don't get re-arrested and charged with any other crimes," the court was informing him that if he engaged in behavior that led authorities to arrest and charge him with a crime, he faced a higher

sentence. Had he done nothing to justify an arrest, or acted unknowingly or as a result of a ruse by the police, petitioner could have, and doubtless would have, objected at sentencing.

Why petitioner did not contend at sentence that he was unjustifiably arrested is not strictly relevant to the present proceeding. However, the records of the County Court of Nassau County show that on February 1, 1985 petitioner pled guilty to five counts of first degree robbery, four counts of attempted robbery, and one count of criminal possession of stolen property.

Petitioner also argues that the sentencing court violated his presumption of innocence by attaching consequences to arrests and charges.

The presumption of innocence is an important procedural protection. An accused on trial is presumed innocent, and the government has the burden of showing guilt beyond a reasonable doubt. *Bell v. Wolfish*, 441 U.S. 520, 533, 99 S.Ct. 1861, 1870, 60 L.Ed.2d 447 (1979); *Estelle v. Williams*, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976). The presumption "also may serve as an admonishment to the jury to judge an accused's guilt or innocence solely on the evidence adduced at trial and not on the basis of suspicions that may arise from the fact of his arrest, indictment, or custody, or from other matters not introduced as proof at trial." *Bell v. Wolfish, supra*, 441 U.S. at 553, 99 S.Ct. at 1870.

■ But even if the presumption applies to a court's consideration of matters bearing on punishment after conviction, *compare United States v. Lee, supra*, at 1055–57, with *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 2420 n. 8, 91 L.Ed.2d 67 (1986), a sentencing judge may take into account a variety of factors including "other crimes for which the defendant was neither tried nor convicted." *United States v. Lee, supra*, at 1055. A court may gather information as to a defendant's activities so as "to determine a proper punishment for the crime of which [defendant] then stood convicted." *United States v. Piteo*, 726 F.2d 53, 54 (2d Cir.)

*cert. denied*, 467 U.S. 1206, 104 S.Ct. 2390, 81 L.Ed.2d 348 (1984). At sentencing a defendant is, of course, entitled to require the prosecution to make some kind of showing that he did engage in acts that led to an arrest and charge. But he must at least put those acts in issue. *United States v. Lee, supra*, at 1056–57. Here petitioner never suggested he had not committed the robberies with which he was charged.

Finally, petitioner urges that due process requires that he be permitted to withdraw his plea. There is no merit to this argument.

■ Where the government breaches a plea agreement, a defendant may choose whether to withdraw the guilty plea or to be sentenced according to the agreement. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Conversely, a breach by a defendant relieves the government of its obligations under the agreement, and the defendant "return[s] to the position he occupied prior to execution of the plea bargain." *Ricketts v. Adamson*, — U.S. —, 107 S.Ct. 2680, 2686, 97 L.Ed.2d 1 (1987).

■ A reading of the above quoted statement as permitting petitioner to withdraw his plea would take the statement out of context. In *Ricketts v. Adamson* the defendant pled guilty to second degree murder, and the prosecutor promised not to press a charge of first degree murder. The Supreme Court held that the defendant's breach relieved the government of its promise and permitted a return to the original position, thereby exposing him to prosecution for the greater offense. The Court did not suggest that a defendant could benefit from his own breach of the agreement. Indeed, it would be fatuous to allow him to do so.

The petition for a writ of habeas corpus is denied. So ordered.