■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HARRISON, Appellant.—Judgment, Supreme Court, New York County (Irving Lang, J., at plea; Allen G. Alpert, J., at sentence), rendered March 2, 1989, which convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree and sentenced him to an indeterminate term of from 2⅓ to 7 years' imprisonment, unanimously affirmed.

On November 25, 1986, defendant withdrew his plea of not guilty and entered a plea of guilty to criminal possession of a weapon in the third degree. At that time, the court (Irving Lang, J.) promised to sentence the defendant to probation if he would "keep out of trouble and work. If you mess up and start fooling around you are going to go to jail. Do you understand?" The defendant replied that he did and sentencing was scheduled to be held on January 6, 1987.

The defendant did not appear on that date and a bench warrant was issued for his arrest. Subsequently to the plea proceeding, and prior to his appearance for sentencing on March 2, 1989 after having been involuntarily returned to court on the warrant, defendant was arrested for a series of

offenses. As a result of the defendant's breach of his commitment at the time of his plea, the court did not impose a term of probation, but sentenced him to a term of from 2⅓ to 7 years' imprisonment.

Defendant asserts that his due process rights were violated because the court gave improper consideration to extraneous crimes in imposing his sentence. We find this claim to be without merit. A sentencing court may properly consider a defendant's subsequent arrests, especially where the court expressly conditioned its earlier sentencing promise on defendant's good conduct. *(People v Hernandez,* 155 AD2d 361.) Under the circumstances, the sentence imposed on the defendant was proper and not excessive. Concur—Kupferman, J. P., Carro, Asch, Smith and Rubin, JJ.