OPINION OF THE COURT
Hancock, Jr., J.
In these cases, the courts, in accepting guilty pleas, expressly conditioned the agreed-upon sentences on defendants not being arrested while on release awaiting sentence. Defendants, although arrested on additional charges prior to their sentencing dates, specifically denied the commission of any criminal acts and claimed that there was no basis for their arrests. Despite their denials, defendants were given sentences substantially greater than stipulated in the conditional plea bargains.
Defendants’ appeals present this question: when a court has made a plea bargain containing a no-arrest condition and the defendant is arrested prior to sentencing for an act which is denied, what basis for the arrest must be shown in order for the court to be relieved of its obligation to impose the bargained-for sentence? For reasons to be explained in our discussion of this question, we conclude in each case that the basis for the arrest developed on the record by the court before it imposed sentence was sufficient to establish a failure of the no-arrest condition. Accordingly, there should be an affirmance of each order.

People v Outley

On January 22, 1990, defendant pleaded guilty to endangering the welfare of a child in satisfaction of charges that he had sexually abused his 13-year-old daughter. At the time of the plea, the court agreed to sentence defendant to a period of probation not to exceed three years provided that defendant "not be arrested on any other charges during [the] adjourn *708 ment period.” The court stated to defendant: "If you violate any of these conditions, I will not be bound by my promise, and I will be free to sentence you to whatever the case allows, in this case, up to one year in prison. Do you understand that?” Defendant replied, "Yes”. The court scheduled sentencing for March 8, 1990 and released defendant on his own recognizance until that date.
When defendant appeared for sentencing on March 8, it was revealed that he had been arrested on February 26, on a charge of criminal contempt (Penal Law § 215.50 [3]) for violating two court orders — an order of Queens County Criminal Court and Queens County Family Court — both directing him to stay away from his wife and daughter and their residence. Defendant’s counsel advised the sentencing court that although her client had visited his former home while his wife and daughter were present he "didn’t have the requisite criminal intent to defy [the orders]” to constitute a criminal contempt.
Defendant explained that he had stopped at his former home to pick up some papers he needed for a forthcoming Federal court legal proceeding. Before going there, he said, he talked with his wife who told him he could "come back and get the papers”; his violation of the orders "was not done with malice”, he claimed, and "there was no bad intent whatsoever”. Defense counsel argued that a hearing was necessary to determine whether it could be shown "by a preponderance of evidence that the defendant” had, in fact, "committ[ed] the crimes that are the gravamen of the new arrest” and that without "an evidentiary hearing” the court lacked power to impose the enhanced sentence. The court replied that what defense counsel was doing "right [then]” was "giving [defendant’s] side at a hearing as to why he was there”. Moreover, the court noted, defendant’s wife or the person concerned had called the police and his wife had signed a sworn affidavit attesting to the allegations in the criminal contempt complaint, "indicating she want[ed] [the] Order of Protection enforced.” After reviewing the unfavorable probation report, the court sentenced defendant to one year in the New City Reception and Rehabilitation Center.
The Appellate Term affirmed, concluding that "[s]ince defendant was permitted to explain to the court the allegedly exculpatory details of his breach of the order of protection, the requirements of due process were satisfied” and that the *709 enhanced sentence was a proper exercise of discretion considering the fact that defendant’s wife was the complainant. A Judge of this Court granted leave to appeal.

People v Maietta

On March 11, 1991, defendant pleaded guilty in satisfaction of several charges of burglary and related crimes in four separate indictments to criminal possession of stolen property in the third degree, two discrete charges of attempted burglary in the third degree, and burglary in the third degree. In accepting defendant’s guilty pleas, the court agreed that it would make the sentences concurrent so that the aggregate term of imprisonment for defendant would be a maximum of eight years and a minimum of four years. The plea arrangement was expressly conditioned, however, upon the defendant’s "not be[ing] rearrested between [the date of the plea] and the date of sentence”. The record contains the following colloquy:
"the court: You are a professional burglar, sir, so if you don’t get out of your profession and you get arrested again, instead of it being four to eight, I will give you a total time in jail which will come to 22 years in jail, do you understand that?
"defendant maietta: Yes.
"the court: You will not be permitted to withdraw your pleas of guilty, you will not be permitted to go to trial, you will just get an enhanced sentence of 22 years in State’s prison, do you understand?
"defendant maietta: Yes, sir.
"the court: Do you want to ask me any questions? "defendant maietta: No, sir.
"the court: Of course if you appear and don’t get arrested I will give you four to eight.
"defendant maietta: Yes.”
On May 2, 1991 when defendant appeared for sentencing, the prosecuting attorney advised that defendant had been arrested on an indictment charging him with the commission of a burglary and related crimes in Westchester County on March 28, 1991. Defense counsel, in an extended statement, explained that the Westchester indictment was for a burglary in Yonkers in which the perpetrators employed a jeep regis *710 tered to his client but not driven by him. Defendant had nothing to do with it, he said, and he had three alibi witnesses who would testify that his client was working at the time of the crime.
Defense counsel produced an unsigned statement from one Anthony Salveggi to the effect that he had been driving defendant’s jeep, that defendant was not present, and that the person who had committed the burglary was Alfredo Occhino, his passenger in the jeep. It appears, however, that Anthony Salveggi was known as a professional burglar who had participated with defendant in past crimes and that Alfredo Occhino had been charged as a codefendant in one of the burglary indictments to which defendant had pleaded guilty.
At the end of the discussion, the court, adverting to the no-arrest condition, stated:
"it was a condition that may result in an increased sentence I wanted everyone to fully understand. I wasn’t going to ambush anyone on the date of sentence.”
and further:
"an arrest is still an arrest, and I look at it, at an arrest and sometimes I use it and sometimes I don’t, it depends on my review of the quality of the arrest and some of the circumstances surrounding it before I actually use it as an enhancing factor despite the strong language that I use at the time that I accept the plea and condition it on another arrest.
"However, in this case not only was the defendant arrested but he was subsequently indicted so that there is an additional filter for the quality of the arrest, and not only was he arrested and not only was he indicted, but he was arrested and indicted for things that he does professionally, burglary.”
The court denied defendant’s application to withdraw the four guilty pleas and then pronounced consecutive sentences for the crimes such that the minimum term was 10 years and the maximum 20.
On appeal, the Appellate Division, with two Justices dissenting in part, affirmed (see, People v Maietta, 173 AD2d 17). The Court expressly rejected the view of the dissenters that where a defendant denies committing the alleged postplea crime or *711 participating in the acts which lead to the arrest, "it is incumbent upon the sentencing court to conduct a hearing to resolve the disputed factual contentions” (id., at 27). The case is before us by leave of a Justice of the Appellate Division.

People v Ogtong

By a plea of guilty on March 6, 1991, defendant was convicted of criminal possession of a weapon in the third degree. In accepting the plea, the court, as part of the plea agreement, stipulated that it would sentence defendant to five years’ probation. Before adjourning the matter until the sentencing date, the court admonished defendant as follows:
"you are getting probation here. I will allow you to remain at liberty pending your sentence under the following conditions, that * * * You do not get arrested between now and the time of sentence.
You will fully cooperate with the Department of Probation and you show up on the date of the sentence.
"If you violate any of the above conditions, the Court will not be bound by the promise to you and [may] sentence you to whatever sentence [it feels] is justified. Do you understand that?
"the defendant jóse ogtong: Yes * * *
"the court: You agree to the terms?
"the defendant jóse ogtong: Yes * * *
"the court: You know that you will not be allowed to take back your plea?
"the defendant jóse ogtong: Yes.”
On May 22, the date of sentence, the prosecuting attorney advised the court that defendant had been arrested for criminal possession of a controlled substance in the seventh degree. Defense counsel — while acknowledging that defendant had been arrested on March 6, the same day as the guilty plea— argued that his client had not violated the condition of the plea bargain. He explained that after pleading guilty defendant had gone directly to visit his probation officer. When he went through a metal detector a tin was discovered in his pocket which contained a small quantity of cocaine.
Counsel maintained that it was only .4 grains of cocaine, a residue amount which had simply been in defendant’s pocket from a previous occasion. It was a technical violation, he *712 argued, which did not arise from any conduct of defendant following his guilty plea and evidenced no intention on his part to violate the court’s no-arrest condition. In reply, the Assistant District Attorney produced a copy of a lab report which showed that defendant had been in possession of two quantities of cocaine — .4 grains in a tinfoil packet and 11 grains contained in a paper packet.
The court denied defense counsel’s request for an evidentiary hearing on the circumstances of the March 6 arrest and sentenced defendant to prison for a minimum of 114 years and a maximum of 3¾ plus a mandatory surcharge of $152. The Appellate Division affirmed unanimously in a memorandum stating, "before it imposed the enhanced sentence, the court afforded the defendant the opportunity to explain his arrest. After finding the explanation insufficient the court properly imposed the more severe sentence” (People v Ogtong, 185 AD2d 253). The appeal is here by leave of a Judge of this Court.
Discussion
Our discussion starts with a reiteration of the settled rules that sentencing is a critical stage of the criminal proceeding and that "the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause” (Gardner v Florida, 430 US 349, 358). To comply with due process, it has been held, the sentencing court must assure itself that the information upon which it bases the sentence is reliable and accurate (see, Mempa v Rhay, 389 US 128, 133; Townsend v Burke, 334 US 736, 741; United States v Lee, 818 F2d 1052, 1055 [2d Cir 1987]). The question before us concerns the minimum requirements of due process when, as in these appeals, the defendant has breached a no-arrest condition by being arrested before the sentence but denies any complicity in the underlying crime.
Defendants argue that when a defendant denies the post-plea criminal conduct, the court must conduct an evidentiary hearing to satisfy itself by a preponderance of the evidence that the defendant has, in fact, committed the crime for which he was arrested. Nothing in the decisions of our State courts or of the Federal courts calls for such an onerous rule and we decline to adopt it. Imposing such a requirement would have the effect of changing the condition of the plea bargain from not being arrested for a crime to not actually committing a *713 crime. Defendants do not attack the legality of attaching a no-arrest condition to a plea bargain and, indeed, the procedure has been approved in this State and in courts of other jurisdictions (see, People v Murello, 39 NY2d 879; People v Faulkner, 182 AD2d 1025, lv dismissed 80 NY2d 830; People v Banks, 161 AD2d 957, 957-958; People v Harrison, 161 AD2d 550; People v Kihm, 143 AD2d 199; Innes v Dalsheim, 680 F Supp 517 [ED NY 1988], revd on other grounds 864 F2d 974). We agree with the Appellate Division in Maietta, that the proposed evidentiary hearing rule, if adopted, would have the undesirable consequence of requiring, in effect, “a minitrial” of the defendant’s guilt or innocence on the new charge (see, Maietta, supra, at 24).
If, as we hold, proof that defendant actually committed the postplea offense which led to the arrest is not necessary, what lesser showing does due process require in order for the court to impose the enhanced sentence? Obviously, the mere fact of the arrest, without more, is not enough. A no-arrest condition could certainly not be held to have been breached by arrests which are malicious or merely baseless (see, Innes, supra, at 519). When an issue is raised concerning the validity of the postplea charge or there is a denial of any involvement in the underlying crime, the court must conduct an inquiry at which the defendant has an opportunity to show that the arrest is without foundation (see, Banks, supra, at 958 [sentencing court should not have summarily dismissed defendant’s plausible, exculpatory explanation of postplea arrest]). The nature and extent of the inquiry — whether through a summary hearing pursuant to GPL 400.10 or some other fair means — is within the court’s discretion (id.). The inquiry must be of sufficient depth, however, so that the court can be satisfied — not of defendant’s guilt of the new criminal charge but of the existence of a legitimate basis for the arrest on that charge.
In each case before us, the inquiry conducted was sufficient so that the sentencing court could be satisfied that there was a legitimate basis for the arrest. In Outley, defendant had concededly violated the orders of two different courts commanding that he stay away from his wife and child. Defendant and his counsel were permitted to explain the circumstances of the visit to his home in an effort to demonstrate that defendant had no intent to defy the courts’ authority. We cannot say, however, that the sentencing court and the Appellate Term erred in holding, from the fact that defendant’s *714 wife had signed the complaining affidavit, that there was a legitimate foundation for the contempt charge.
Similarly, in Maietta, the record establishes a solid factual and legal basis for the postplea arrest for burglary. As noted by the sentencing court and the Appellate Division, the fact that a Westchester County Grand Jury had found a prima facie case for the charge by returning an indictment against defendant constituted an " 'additional filter for the quality of the arrest’ ” (Maietta, supra, at 21). The jeep involved in the burglary was concededly owned by the defendant and a policeman identified him as the driver of the vehicle when it left the scene. Given this evidence and the plainly suspect nature of the statement given by defendant’s witness, Salveggi, it can hardly be said that there was not enough in the record on which to predicate a breach of the condition.
We also find the record sufficient to establish a breach of the no-arrest condition in Ogtong. As in Outley, defendant’s argument was not that he had not committed the act for which he was arrested (possession of some amount of cocaine) but that his possession was unknowing and did not evince an intent to violate the court’s condition. The sentencing court afforded defendant an adequate opportunity to explain the circumstances of the arrest. We cannot conclude that the courts below erred in finding the explanation insufficient (see, Ogtong, supra, at 712).
In sum, in each of these cases, the defendant’s agreement to the no-arrest term as a condition of the plea bargain and the postplea release from custody was unequivocal and the sentencing court did not abuse its discretion in imposing the enhanced sentence. Accordingly, the order in each appeal should be affirmed.
Acting Chief Judge Simons and Judges Titone, Bellacosa and Weiss* concur; Judges Kaye and Smith taking no part.
In each case: Order affirmed.

 Designated pursuant to NY Constitution, article VI, § 2.