■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOCRATES SEVERINO, Also Known as ANDREAS GARCIA, Appellant. [607 NYS2d 9] —Judgment, Supreme Court, New York County (Albert Williams, J., at plea; Juanita Bing Newton, J., at hearing; Jay Gold, J., at trial and sentence), rendered February 20, 1991, which convicted defendant, after a jury trial, of criminal possession of a weapon in the third degree under indictment number 4621/90 and, after a guilty plea, of criminal possession of a weapon in the third degree under indictment number 367/88, and which sentenced defendant to two consecutive terms of imprisonment of from 2⅓ to 7 years, unanimously affirmed.

Defendant's claims concerning the prosecutor's cross-examination of a defense witness regarding the witness's explanation for failing to notify the authorities prior to trial of the alleged exculpatory information he possessed, is not preserved for appellate review (CPL 470.05 [2]), and we decline to review them in the interest of justice. Were we to review the claims, we would find them to be meritless. In light of, inter alia, the witness's relationship (friend and brother-in-law) with defendant and his obvious awareness of the alleged unfounded arrest, a proper foundation existed for the prosecutor's cross-examination of the witness (see, People v Dawson, 50 NY2d 311, 321).

The court also properly charged the jury that the defendant's admitted use of an alias upon arrest could imply a consciousness of guilt but that such evidence must be weighed cautiously (see, People v Bennett, 79 NY2d 464, 469-470).

Finally, since defendant violated the conditions imposed by the court upon his earlier plea bargain, the court was justified in imposing the sentence it did (see, People v Outley, 80 NY2d 702). Concur—Carro, J. P., Ellerin, Asch and Nardelli, JJ.