■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN SPENCE, Appellant. [610 NYS2d 595] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered December 1, 1992, convicting him of robbery in the first degree (11 counts), robbery in the second degree (6 counts), criminal possession of a weapon in the second degree (3 counts), criminal possession of a weapon in the third degree (3 counts), assault in the second degree (2 counts), grand larceny in the fourth degree (5 counts), and criminal possession of stolen property in the fifth degree (5 counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that he was denied due process. At the plea proceeding, the court warned the defendant that, if he was arrested before sentencing, it would enhance his sentence. The court then asked the defendant if he wished to plead guilty, and the defendant said that he did. When the defendant was subsequently arrested for another robbery, the court held a hearing in order to determine whether there was a legitimate basis for the arrest. The court allowed the defendant wide latitude to call witnesses and to explain the circumstances of his subsequent arrest. This hearing was sufficient to meet the demands of due process (see, People v Outley, 80 NY2d 702). Moreover, based on our review of the record, there clearly was a legitimate basis for the arrest.

The sentence that was imposed is not excessive. Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.