■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL McKINNIE, Appellant. [629 NYS2d 155] —Judgment unani-

mously affirmed. Memorandum: Defendant contends that the sentencing court erred in imposing a sentence greater than that promised during the plea proceeding without conducting an inquiry into the validity of an arrest for an offense committed by defendant after entry of the plea and prior to sentencing. The People argue that defendant waived his right to appeal the enhanced sentence. Even assuming, arguendo, that defendant's waiver of the right to appeal did not encompass the enhanced sentence *(see, People v Callahan,* 80 NY2d 273, 281), we conclude that there was no error. The court had informed defendant at the time of the plea that, if he was arrested prior to sentencing or failed to appear on the date of sentencing, the sentencing commitment would no longer be in effect. At sentencing, the court was informed that defendant had been arrested for assault and that the matter had been held for presentment to the Grand Jury. Defendant sought an adjournment because the assault complainant had "mixed feelings" about testifying in the matter. A complainant's "mixed feelings" are insufficient to raise an issue concerning the validity of a postplea arrest, particularly when defendant does not deny that he was involved in the underlying event *(cf., People v Outley,* 80 NY2d 702, 713). Thus, the court did not err in failing to conduct further inquiry concerning the basis for the postplea arrest. (Appeal from Judgment of Erie County Court, LaMendola, J.—Robbery, 3rd Degree.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.