THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER RUMPH, Appellant. [701 NYS2d 218] —Judgment unanimously reversed on the law, plea vacated and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: County Court erred in denying defendant's motions for pretrial hearings. Prior to his indictment on this charge, defendant, as part of the plea agreement for a prior crime, was advised by the court that he would receive a certain sentence, but the court stated that it was not bound by that promise if defendant were arrested prior to sentencing. Defendant was arrested prior to sentencing. The court held a hearing to provide defendant with an "opportunity to show that the arrest [was] without foundation" (*People v Outley,* 80 NY2d 702, 713) and determined that there were sufficient facts regarding defendant's involvement in the crime to justify an increased sentence on the prior conviction.

Several months later defendant was indicted on the charge that is the subject of this appeal. Although his pretrial motions for probable cause and suppression hearings did not contain the requisite factual predicates, the court nevertheless entertained the motions, and we will not interfere with that exercise of the court's discretion (*see, People v Mendoza,* 82 NY2d 415, 430). We conclude, however, that the court erred in denying those motions on the ground that defendant was collaterally estopped from litigating the issues raised therein.

Contrary to the court's determination, those issues had not been fully litigated in the context of the *Outley* hearing. The term collateral estoppel " 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit' " (*People v Goodman,* 69 NY2d 32, 37, quoting *Ashe v Swenson,* 397 US 436, 443). An issue of ultimate fact "is the *sine qua non*" (*People v Goodman, supra,* at 38) of the proceeding, and it cannot be said that the issue addressed in the *Outley* hearing is the *sine qua non* of the pretrial hearings. It is not dispositive that testimony

elicited in the context of the *Outley* hearing (the transcript of which is not included in the record on appeal) may also be relevant in the pretrial hearings requested by defendant. "[E]stoppel applie[s] to ultimate facts" (*People v Goodman, supra,* at 38). Thus, defendant is not estopped from litigating the probable cause and suppression issues (*see, People v Goodman, supra; see also, People v Aguilera,* 82 NY2d 23, 31-33; *People v Plevy,* 52 NY2d 58, 65-66).

We therefore reverse the judgment, vacate the plea and remit the matter to Monroe County Court to determine the merits of defendant's pretrial motions. (Appeal from Judgment of Monroe County Court, Sirkin, J., Plea and Sentence; Marks, J., Motions—Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.