■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN PINKSTON, Appellant. [731 NYS2d 367] —Judgment, Supreme Court, Bronx County (Laura Safer Espinoza, J., at plea; Ruth Levine Sussman, J., at sentence), rendered March 5, 1999, convicting defendant of attempted criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of four years with five years post-release supervision, unanimously affirmed.

Defendant's claim that the court erred in imposing an enhanced sentence is unpreserved in that, although defendant moved to withdraw his plea, he failed to object to the court's consideration of his post-plea arrest in enhancing the sentence, and we decline to review this claim in the interests of justice. Were we to review this claim, we would find that the enhanced sentence was proper. The plea minutes clearly establish that the court imposed a no-arrest condition and warned defendant that he would receive an enhanced sentence upon violation of that condition. At sentencing, defendant did not challenge the validity of his post-plea arrest or deny his involvement in the underlying crime. Therefore, the court was under no obligation

to conduct an inquiry into the validity of the post-plea arrest (*People v Outley*, 80 NY2d 702, 713). In any event, any issues regarding the validity of the arrest were resolved by the fact that the defendant had been indicted on that charge (*People v Santana*, 254 AD2d 152, *lv denied* 92 NY2d 1053). Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.