**Lawrence JANICK, Petitioner–Appellant,**

v.

**SUPERINTENDENT OF FRANKLIN CORRECTIONAL FACILITY, and Commissioner, New York State Department of Correctional Services, Respondents–Appellees.**

No. 05–7046–pr.

United States Court of Appeals, Second Circuit.

Nov. 1, 2007.

Malvina Nathanson, New York, NY, for Petitioner–Appellant.

Wendy Evans Lehmann, Assistant District Attorney, (Michael C. Green, District

Attorney for Monroe County, on the brief), Rochester, NY, for Respondents–Appellees.

Present: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant Lawrence Janick appeals from a December 12, 2005 judgment of the Western District of New York (Bianchini, M.J.), denying his petition for a writ of habeas corpus. As part of his decision, Magistrate Judge Bianchini issued a certificate of appealability on Janick's claim "that his plea agreement was ambiguous and should have been construed as a 'no misconduct' agreement and on his claim that, having found that his plea agreement contained a 'no arrest' provision, the court erred in applying only the 'legitimate basis' standard of proof." *Janick v. Superintendent, Franklin Corr. Facility*, 404 F.Supp.2d 472, 488 (W.D.N.Y. 2005). Janick appeals only whether the state court erred in using the "legitimate basis" standard of proof to enhance his sentence. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

Janick claims that the state court's determination that his sentence could be enhanced as a result of his arrest pending sentencing, *see People v. Outley*, 80 N.Y.2d 702, 594 N.Y.S.2d 683, 610 N.E.2d 356 (1993), is contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). In particular, Janick argues that his due process rights were violated because he was not punished for actual misconduct but rather for having been arrested for a crime he contends that he did not commit. Supreme Court precedent, however, does not shed much light on the minimum burden of proof that must be met when factual contentions are subject to dispute at sentencing. *See, e.g., McMillan v. Pennsylvania*, 477 U.S. 79, 91–92, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) (finding no "warrant [for] constitutionalizing burdens of proof at sentencing" but noting that "the preponderance standard satisfies due process"). Nevertheless, to the extent that this Court has stated that "due process in sentencing requires at least a showing by a preponderance of evidence," *Torres v. Berbary*, 340 F.3d 63, 71 (2d Cir.2003), Janick received sufficient process in his state court proceeding.

As the district court observed, Janick had "more than a full-blown evidentiary hearing [at his *Outley* hearing before sentencing] to determine whether he had violated the 'no arrest condition' of the plea agreement—the prosecution essentially conducted a 'mini-trial' of its case against Janick with respect to the charges underlying the new arrest." *Janick*, 404 F.Supp.2d at 486. In light of police officer testimony that Janick admitted during questioning that he met the complainant in the park; the complainant's testimony suggesting that Janick sat in the passenger side of complainant's car and touched the car door in several places; physical evidence confirming that Janick's fingerprints were found where the complainant said they were; and expert testimony concerning the lifting of the prints and the fingerprint analysis, the sentencing judge reasonably concluded that the evidence "more than sufficiently establishes a legitimate basis for [Janick's] arrest." Although the sentencing judge did not specifically utter the words "preponderance of the evidence," it is clear from his comments and the evidence adduced at the hearing that

the preponderance standard was satisfied and Janick was afforded due process. Moreover, Janick had a "meaningful opportunity to be heard," *Boddie v. Connecticut,* 401 U.S. 371, 377, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), in that he presented a full defense and testified under oath at the hearing. *Cf. Torres,* 340 F.3d at 72 (holding without explanation that because defendant's testimony at his sentencing was unsworn, this was a factor in granting the writ). We therefore agree with the district court that "[t]here is no point in upsetting Janick's conviction for purely academic reasons," *Janick,* 404 F.Supp.2d at 487, and deny Janick's request for relief.[1]

We have considered Janick's remaining arguments and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the district court.

---

1. Because we find that the *Outley* hearing satisfies due process requirements, we need not address whether Justice Kenneth R. Fisher's findings pursuant to Janick's N.Y. Crim. Law § 440.20 motion, which more clearly articulated that Janick "most likely committed the act charged," and that the evidence of guilt was "clear and convincing," *see People v. Janick,* 186 Misc.2d 1, 713 N.Y.S.2d 838, 842 (N.Y.Sup.Ct.2000) (citation omitted), are entitled to deference under 28 U.S.C. § 2254(e)(1).