■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS GREEN, Also Known as CHRIS SCREEN, Appellant. [921 NYS2d 525]—

Judgment, Supreme Court, New York County (John Cataldo, J., at plea; Laura A. Ward, J., at sentencing), rendered May 2, 2008, convicting defendant of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The court properly concluded that defendant had not met the conditions of his drug treatment alternative to prison plea agreement (*see generally People v Jenkins*, 11 NY3d 282 [2008]). Defendant claims the court improperly made that determination on the basis of a postplea arrest without making an inquiry into its validity pursuant to *People v Outley* (80 NY2d 702 [1993]). That claim is unpreserved (*see People v Darcy*, 34 AD3d 230 [2006], *lv denied* 8 NY3d 879 [2007]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The record, viewed as a whole, demonstrates that the court considered defendant's long pattern of violating the conditions of his plea agreement, and that the new

arrest was simply the proverbial last straw. Over a period of years between the plea and sentencing, defendant repeatedly made temporary progress toward rehabilitation followed by relapses into drug use, despite several warnings from the court not to expect further leniency.

We have considered and rejected defendant's ineffective assistance of counsel claim (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—Tom, J.P., Mazzarelli, Acosta, DeGrasse and Román, JJ.