■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BAASIL REYNOLDS, Appellant. [985 NYS2d 83]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J., at plea and sentencing; Ruth Pickholz, J., at *Outley* hearing), rendered August 23, 2011, convicting defendant of criminal possession of a weapon in the third degree and menacing in the second degree, and sentencing him, as a second felony offender, to concurrent terms of two to four years and one year, respectively, unanimously affirmed.

The court properly determined that defendant violated the "no-arrest" condition of his plea agreement, and thus forfeited the opportunity to have his conviction replaced by a misdemeanor conviction. After defendant challenged the validity of his new arrest, the court conducted a hearing pursuant to *People v Outley* (80 NY2d 702 [1993]), and the court's findings and determination comported with the standards articulated in *Outley* (*see id.* at 712-713). Defendant has not established that the hearing court employed a different standard from the "legitimate basis for the arrest" standard set forth in *Outley* (*id.* at 713).

We reject defendant's argument that his plea should be vacated as conditioned on an illegal sentence. The plea court proposed a plea bargain, accepted by defendant, whereby after pleading guilty to a felony defendant would be remanded for six months, after which his sentencing would be delayed for an additional year, at which time he would be permitted to replace his conviction with a misdemeanor plea if he met the conditions that he have no new arrests and no violations of orders of protection. Regardless of what the court may have intended, and regardless of the merits of this arrangement, the period of presentencing detention was not part of the sentence. As a matter of law, the only sentence was the undisputedly legal sentence imposed on August 23, 2011, against which all prior detention

was credited. The presentencing detention was based, instead, on a securing order (*see* CPL 510.10). Such an order is not reviewable on an appeal from a judgment of conviction (*see People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is.*, 63 NY2d 120, 125 [1984]), and, although CPL 380.30 (1) requires reasonably prompt sentencing, defendant consented to the delay (*see Matter of Weinstein v Haft*, 60 NY2d 625 [1983]). Concur—Saxe, J.P., Moskowitz, Freedman, Gische and Kapnick, JJ.