■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK TAGUE, Appellant. [40 NYS3d 905]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered July 24, 2014, convicting defendant, upon his plea of guilty, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly found that defendant violated the no-arrest condition of his plea agreement, and thus forfeited the opportunity to have his conviction replaced by a misdemeanor conviction. To support such a finding, the evidence at an *Outley* hearing is required to satisfy the court "not of defendant's guilt of the new criminal charge but of the existence of a legitimate basis for the arrest on that charge" (*People v Outley*, 80 NY2d 702, 713 [1993]). Here, the legitimate basis for defendant's witness-tampering arrest was amply established through "reliable and accurate" evidence (*id.* at 712), consisting primarily of defendant's Internet and phone communications. Defendant's various challenges to the process by which the court reached its determination are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the alleged procedural irregularities were not prejudicial. We have considered and rejected defendant's ineffective assistance of counsel claims. Concur—Friedman, J.P., Saxe, Richter, Gische and Kapnick, JJ.