People v Winfrey (2019 NY Slip Op 00049)





People v Winfrey


2019 NY Slip Op 00049


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Sweeny, J.P., Gische, Kahn, Oing, Singh, JJ.


8012 794N/16

[*1]The People of the State of New York, Respondent,
v
Luther Winfrey, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Jonathan R. McCoy of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered October 13, 2016, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of three years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal. The oral colloquy, viewed in conjunction with the written waiver, which defendant signed after an opportunity to confer with counsel, establishes that he made the waiver knowingly, intelligently, and voluntarily (see People v Bryant, 28 NY3d 1094, 1096 [2016]).
Defendant's waiver of his right to appeal forecloses review of his excessive sentence claim. Defendant contends that the waiver does not apply because he is challenging the adequacy of the court's inquiry into the violation of his plea agreement (see People v Outley, 80 NY2d 702, 713 [1993]). However, defendant makes clear that he is not seeking a remand for an Outley hearing, and is only raising the absence of such a hearing in the context of an excessive sentence claim. In any event, his claim that he was denied the opportunity for an Outley hearing regarding his postplea arrest is without merit, because he declined the court's offer to conduct such a hearing and agreed to the 6-month sentence enhancement (see People v Pollard, 132 AD3d 554 [1st Dept 2015], lv denied 26 NY3d 1111 [2016]).
In any event, regardless of whether defendant made a valid waiver of the right to appeal, and regardless of whether the waiver forecloses defendant's particular excessive sentence claim, we perceive no basis for reducing the enhanced sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK