The People of the State of New York, Respondent,
against
Cynthia Day, Appellant. 




Dutchess County Public Defender (Larwence D. King of counsel), for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal from an amended judgment of the Justice Court of the Town of Amenia, Dutchess County (Norman Moore, J.), rendered April 16, 2018. The amended judgment, without a hearing, revoked a sentence of conditional discharge previously imposed by that court (James Devine, J.) and resentenced defendant to a term of imprisonment on her conviction, upon her plea of guilty, of driving while intoxicated (per se).




ORDERED that the amended judgment is reversed, on the law, and the matter is remitted to the Justice Court for a hearing pursuant to CPL 410.70 as to whether defendant violated a condition of her sentence and for a new determination thereafter.
On September 15, 2017, defendant pleaded guilty to driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and was sentenced to a $500 fine and a one-year conditional discharge, one of the conditions of which was to install, maintain, and comply with an ignition interlock device in her vehicle for a period of six months.[FN1]
Subsequently, the court issued a [*2]declaration of delinquency in which it was alleged that, on several dates, defendant had violated a term of the conditional discharge by providing a breath sample into the ignition interlock device that was positive for alcohol consumption (hereinafter "failed blow"). On October 24, 2017, defendant appeared in court on the declaration of delinquency and the prosecutor indicated that, following a hearing on the violation, he would be requesting a split resentence of incarceration and probation.[FN2]
At the next court appearance, on November 20, 2017, defendant admitted to a failed blow, thereby having violated a term of her conditional discharge. Defense counsel indicated that defendant's understanding was that, as a result of her admission, she would be released from prison under the supervision of probation and, "if there [we]re no problems" for six months, she would be resentenced to time served. However, if there were "problems," then she would be resentenced to six months in jail.[FN3]
The court asked defendant if she agreed to those terms, to which defendant responded in the affirmative. 

At the next court appearance, on December 18, 2017, the attorneys informed the court that probation was not an option since defendant resided out of state. The prosecutor told the court that he had spoken with defense counsel and that they "had suggested a more informal supervision in that [they] would adjourn the violation" for a total of six months (i.e., two three-month periods) and that they had discussed the possibility of ultimately resentencing defendant to time served, so long as she was not "re-arrested for anything," and, if she was re-arrested within that six-month period, then the court could resentence her to up to a year of incarceration. An interlock notification order was filed extending the interlock period from six months to one year.

Thereafter, in February of 2018, the court issued a second declaration of delinquency in which it was alleged that defendant had again provided a failed blow. At the next court appearance, on March 19, 2018, defendant was arraigned on "this newest violation of the conditional discharge." The prosecutor restated what he believed to be the agreement that had been previously set forth, indicating this time that the agreement had been that so long as defendant had "no further violations" [*3]in a six-month period, she would be resentenced to time served, but if she was to have "any further violations," she would be resentenced to six months' imprisonment. Therefore, since defendant was before the court on a "new violation" of the conditional discharge, she should be resentenced to six months in jail.[FN4]
Defense counsel responded by requesting a hearing and indicated that she wanted time to investigate the allegations contained in the second declaration of delinquency. The prosecutor objected, contending that defendant was not entitled to a hearing and indicated that he would speak to defense counsel "about that prior to the next date and we'll figure it out."

On April 16, 2018, at the following court appearance, the prosecutor again restated what he believed to be the agreement that had been previously set forth, this time indicating that it had provided that so long as defendant had no further failed blows in a six-month period, she would be resentenced to time served, but if she were to have additional failed blows on the interlock device, she would be resentenced to six months' imprisonment.[FN5]
 Defense counsel requested that, before defendant was resentenced, a hearing should be conducted at which defendant would be given "an opportunity to be heard" pertaining to her failed blow, which formed the basis of the second declaration of delinquency. The prosecutor responded that there was no need to conduct a hearing, since defendant had "clearly" violated the terms of the "sentence recommendation on her violation of conditional discharge." Defense counsel objected to the prosecutor's representation and argued that "we don't know the specific reason behind the reading."[FN6]
The Justice Court denied defense counsel's application for a hearing and resentenced defendant to six months' imprisonment.[FN7]
Immediately thereafter, defendant stated that, ever since she was released from jail, she had had no further failed blows, and she provided a non-alcoholic consumption explanation for the allegation upon which the second declaration of delinquency was based. The court responded by informing defendant that it was "going to stick with [its] sentence."

On appeal, defendant contends that the Justice Court erred in determining that she had violated her conditional discharge and in resentencing her to a six-month term of imprisonment [*4]without holding a hearing pursuant to CPL 410.70, despite her counsel having requested one. The People contend that defendant had previously admitted to having violated her conditional discharge and had subsequently entered into a resentencing agreement whereby any further violation would result in a six-month term of imprisonment. Citing to People v Outley (80 NY2d 702 [1993]), the People further argue that, when the court imposed the six-month term of imprisonment, it did so after having provided defendant with an opportunity to be heard pertaining to the violation that was the subject of the second declaration of delinquency. 

The threshold question to be determined on this appeal is whether the allegation of defendant's failed blow, which precipitated the issuance in 2018 of the second declaration of delinquency, constituted a violation of a term of a sentence of conditional discharge or a violation of a term of an enhanced resentencing agreement. If, at the time of the second declaration of delinquency, a sentence of conditional discharge, which required compliance with an ignition interlock device, was in effect, the allegation that defendant failed a blow would constitute a violation of a term of such sentence, in which case a hearing pursuant to CPL 410.70 would be required upon defendant's denial that a violation had occurred. On the other hand, if the court had already made a final determination that defendant had violated a term of the original sentence of conditional discharge and had, on either November 20, 2017 or December 18, 2017, adjourned resentencing, or at least so much thereof as involved the imposition of imprisonment, with its duration to be decided at a subsequent proceeding depending on defendant's conduct in the interim, defendant's failed blow would be considered an allegation of a violation of a term of an enhanced resentencing agreement, rather than a violation of a sentence of conditional discharge, in which case an inquiry such at the one conducted in Outley was required. We also recognize that there can even be a hybrid approach. However, for the reasons set forth below, we opt for the first possibility, which entitled defendant to a hearing pursuant to CPL 410.70.

The record is devoid of any explicit finding that defendant's admission had been accepted (see CPL 410.30 [2]) and, thus, that there was a "final determination" (CPL 410.30) that a violation of the conditional discharge sentence had been established (see CPL 410.70 [2]). In any event, when a violation is established, the court may revoke, continue or modify an imposed sentence of probation or, as relevant here, a sentence of conditional discharge (see CPL 410.70 [5]). When the court revokes a sentence of conditional discharge, it must impose a resentence as specified in Penal Law § 60.01 (3) and (4), which, while authorizing, among other things, probation and/or imprisonment, does not authorize a further sentence of conditional discharge (see CPL 410.70 [5]) with a term of imprisonment to be determined later. However, a court need not revoke such sentence, as it may modify or continue the sentence of conditional discharge. When it does so, it must vacate the declaration of delinquency (see CPL 410.70 [5]), and the sentence of conditional discharge continues (with any modifications or extensions).[FN8]
Thus, the issue presented on this appeal [*5]is how the events of November 20, 2017 and those subsequent thereto are to be viewed.

If, in fact, the court made a final determination that a violation had occurred, by discussing probation and the imposition of a jail sentence to be fixed at a later date with its length to be determined by whether defendant would get arrested in the interim, it could be argued that the court revoked the sentence of conditional discharge and was discussing an enhanced resentencing agreement. However, if this were the case, the court could have, but failed to mention, compliance with the ignition interlock device as a condition of such enhanced resentencing. It was only when defendant had been violated the second time that the prosecutor claimed that such a condition had been previously imposed (cf. Penal Law § 65.15 [2] [providing for the continuation of the requirement to maintain an ignition interlock device following a declaration of delinquency but prior to a final determination of delinquency]). Rather, by subsequently issuing and "arraigning" defendant on a second declaration of delinquency of a sentence of conditional discharge in February of 2018, the court thereby demonstrated that a sentence of a conditional discharge with its requirement of maintaining and complying with an ignition interlock device was still in effect in February 2018, whether because its attempt to revoke the prior sentence had failed or otherwise.

In view of the foregoing, and recognizing that certain of the statements made on the record are difficult to reconcile, we are of the opinion that the allegation of defendant's violation of the ignition interlock device which formed the basis of the second declaration of delinquency, did not constitute a violation of an enhanced resentencing agreement. Rather, given that a second declaration of delinquency had been issued by the court, the alleged violation involved a term of a sentence of conditional discharge and its possible revocation, which issue entitled defendant to a hearing pursuant to CPL 410.70. Thus, the Justice Court erred in denying defendant's request for such a hearing. 

Accordingly, the amended judgment is reversed and the matter is remitted to the Justice Court for a hearing pursuant to CPL 410.70 as to whether defendant violated a condition of her sentence and for a new determination thereafter.

ADAMS and RUDERMAN, JJ., concur.

TOLBERT, J.P., taking no part.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: April 9, 2020



Footnotes

Footnote 1: Pursuant to Vehicle and Traffic Law § 1193 (1) (b) (ii), when a defendant is convicted of a driving while intoxicated offense, in addition to the imposition of any fine or period of incarceration, he or she must also be sentenced to a term of probation or conditional discharge, a condition of which shall be the installation and maintenance of an ignition interlock device in any motor vehicle owned or operated by that person (see also Penal Law § 60.21).

Footnote 2: Bail was set at this proceeding, and defendant served 28 days in jail, seemingly immediately following this proceeding. 

Footnote 3: We note that where, as here, a misdemeanor conviction is involved, the maximum period of imprisonment to be imposed upon a split sentence is 60 days (see Penal Law § 60.01 [2] [d]). 

Footnote 4: The prosecutor did, however, request a one-month adjournment for resentencing.

Footnote 5: The record does not contain any such understanding as to the conditions for the determination of the imposition of time served as opposed to six months' incarceration.

Footnote 6: Defense counsel also requested an adjournment "in the interest of justice" so as to prepare for the hearing.

Footnote 7: In a decision and order dated May 24, 2018, the Supreme Court, Dutchess County, granted defendant a 120-day stay of the resentence. By decision and order on motion dated August 30, 2018, this court conditionally continued the stay pending a determination of the instant appeal.

Footnote 8: While Penal Law § 60.21 authorizes an initial sentence of imprisonment and conditional discharge, including an ignition interlock device, there is no statutory authority applying this statute in the case of a violation of a previously imposed sentence of conditional discharge (see Penal Law § 60.01 [3], [4]; CPL 410.70 [5]).