People v Perez (2020 NY Slip Op 03614)





People v Perez


2020 NY Slip Op 03614


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Renwick, J.P., Mazzarelli, Webber, Kern, Moulton, JJ.


1430/18 1431/18 4640N/17 11712 Dkt. 14065C/18

[*1] The People of the State of New York, Respondent,
v
Manuel Perez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Eleanor J. Ostrow of counsel), for respondent.



Judgments, Supreme Court, New York County (Guy H. Mitchell, J. at pleas; Felicia A. Mennin, J. at hearing and sentencing), rendered October 3, 2018, as amended November 29, 2018, convicting defendant of assault in the second degree, criminal sale of a controlled substance in the third degree, possession of an imitation controlled substance and criminal possession of a controlled substance in the seventh degree, and sentencing him to an aggregate term of two years, unanimously affirmed.
The sentencing court providently exercised its discretion when it enhanced defendant's promised aggregate sentence based on defendant's violation of the no-arrest condition of his plea disposition of four pending cases. The arresting officer on the new arrest testified at an Outley hearing about her observations at the scene and her interviews with defendant, his fiancée, and the complainant, as well as her partner's interviews with neighbors. Defendant's fiancee also testified at the hearing. After conducting the Outley hearing, the court correctly determined that there had been a legitimate basis for the postplea arrest (see People v Outley , 80 NY2d 702, 712-713 [1993]).
Even assuming there was no valid waiver of defendant's right to appeal, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK