People v Howlett (2020 NY Slip Op 03746)





People v Howlett


2020 NY Slip Op 03746


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Manzanet-Daniels, J.P., Gische, Kern, Oing, González, JJ.


11760 2519/16

[*1] The People of the State of New York, Respondent,
v
David Howlett, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Scott H. Henney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Eric Del Pozo of counsel), for respondent.



Judgment, Supreme Court, New York County (Steven M. Statsinger, J.), rendered April 22, 2019, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
The court properly found that defendant violated the conditions of his plea agreement, and thereby forfeited the opportunity to have his conviction replaced by a misdemeanor conviction. Initially, we find that the court providently exercised its discretion in considering the evidence and arguments submitted on defendant's motion, rather than holding an evidentiary hearing (see People v Outley , 80 NY2d 702, 713 [1993]). The court correctly determined that defendant violated the agreement in two independent ways: by being arrested, and by committing a new crime, consisting of filing false documents.
Defendant's various challenges to the court's determination that he committed a new crime by submitting fraudulent letters to the Bronx District Attorney's Office are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that the People met their burden to show the commission of a new crime, and the Court was permitted to consider hearsay evidence in determining whether a plea condition had been violated (see Matter of Edwin L. , 88 NY2d 593, 605 [1996]).
The court also found that defendant violated the no-arrest condition of the agreement. There was a legitimate basis for defendant's arrest, because the record demonstrates that the police saw him unlawfully drinking alcohol from an open container, and that he was found to be in possession of a knife described by the arresting officer as a "switchblade/gravity knife," which was still unlawful at the time of the arrest. The sentencing court's ruling was broad enough to cover both bases for the arrest.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK