Matter of Trump v Merchan (2024 NY Slip Op 04117)

Matter of Trump v Merchan

2024 NY Slip Op 04117

Decided on August 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 01, 2024

Before: Kennedy, J.P., Shulman, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 71543/23 Appeal No. 2582 Case No. 2024-04013 

[*1]In the Matter of Donald J. Trump, Petitioner,
v
Hon. Juan M. Merchan, etc., et al., Respondents.

Blanche Law PLLC, New York (Todd Blanche of counsel), for petitioner.
David Nocenti, Office of Court Administration, New York (Lisa Evans of counsel), for Hon. Juan M. Merchan, respondent.
Alvin A. Bragg, Jr., District Attorney, New York (Philip V. Tisne of counsel), for the People of the State of New York and Alvin L. Bragg, Jr., respondents.

Petition pursuant to CPLR 7803 challenging the order of Supreme Court, New York County (Juan M. Merchan, J.), entered June 25, 2024, which, among other things, denied in part petitioner's posttrial motion to terminate the orders entered March 26, 2024 (the Original Restraining Order), and April 1, 2024 (the Amended Restraining Order) (collectively, the Restraining Order), insofar as paragraph (b) of the Restraining Order limited his ability to make certain public statements about court staff, the District Attorney's staff, and family members of the court, the District Attorney, and their staff, and extended this limitation through sentencing, unanimously denied, and the proceeding dismissed, without costs.
Petitioner asserts a cause of action for judgment pursuant to CPLR 7803(2). This section is "'a codification of the common-law writ of prohibition, which is available to restrain an unwarranted assumption of jurisdiction and to prevent a court from exceeding its powers'" (Matter of Trump v Merchan, 227 AD3d 518, 519 [1st Dept 2024], appeal dismissed 41 NY3d 1013 [2024], quoting Matter of Trump v Engoron, 222 AD3d 505, 505 [1st Dept 2023], appeal dismissed 40 NY3d 1090 [2024]; see La Rocca v Lane, 37 NY2d 575, 578-579 [1975], cert denied 424 US 968 [1976]). The "extraordinary remedy" of a writ of prohibition "lies only where a 'clear legal right' to such relief exists — when a court 'acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction'" (Matter of Trump v Merchan, 227 AD3d at 519, quoting Matter of Rush v Mordue, 68 NY2d 348, 352 [1986]). Even in the rare circumstances where article 78 review will lie with respect to a writ of prohibition, the writ "does not issue as of right, but only in the sound discretion of the court" (Matter of Rush, 68 NY2d at 354).
In petitioner's prior article 78 proceeding challenging the Restraining Order, this Court held that "Justice Merchan properly weighed petitioner's First Amendment Rights against the court's historical commitment to ensuring the fair administration of justice in criminal cases, and the right of persons related or tangentially related to the criminal proceedings from being free from threats, intimidation, harassment, and harm" (Matter of Trump v Merchan, 227 AD3d at 520-521). Following the verdict, Justice Merchan granted so much of petitioner's motion to the extent of terminating the provisions of the Restraining Order governing his statements about trial witnesses and the jury. However, Justice Merchan retained paragraph (b) of the Restraining Order, finding that the court and District Attorney staff covered thereby "must continue to perform their lawful duties free from threats, intimidation, harassment, and harm" until sentencing.
Petitioner's contention that the conclusion of trial constitutes a change in circumstances warranting termination of the remaining Restraining Order provision is unavailing. Courts [*2]are empowered to protect against the "'unfair administration of justice'" (United States v Trump, 88 F4th 990, 1008 [DC Cir 2023], quoting Landmark Communications, Inc. v Virginia, 435 US 829, 844 [1978]). The fair administration of justice necessarily includes sentencing, which is "a critical stage of the criminal proceeding" (People v Outley, 80 NY2d 702, 712 [1993]). Indeed, under the CPL, a "criminal action . . . terminates with the imposition of sentence or some other final disposition in a criminal court" (CPL 1.20[16][c]), neither of which has occurred here. Accordingly, since the underlying criminal action remains pending, Justice Merchan did not act in excess of jurisdiction by maintaining the narrowly tailored protections in paragraph (b) of the Restraining order. Contrary to petitioner's contentions, the People's evidentiary submissions in opposition to his motion in Supreme Court demonstrate that threats received by District Attorney staff after the jury verdict continued to pose a significant and imminent threat.
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 1, 2024