■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SAXON, Appellant. [813 NYS2d 417]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered June 11, 2002, convicting defendant, upon his plea of guilty, of murder in the second degree, attempted murder in the second degree, criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), reckless endangerment in the first degree, and conspiracy in the fourth degree, and sentencing him, as a second violent felony offender, to an aggregate term of 109 years to life; and order, same court (William A. Wetzel, J.), entered on or about December 1, 2004, which denied defendant's CPL 440.10/440.20 motion to vacate the judgment and set aside the sentence, unanimously affirmed.

Defendant pleaded guilty pursuant to a cooperation agreement that gave him the opportunity to earn a more lenient disposition by providing information and testimony concerning violent drug gangs. Although defendant honored his agreement for a period of time, he escaped from custody during an overnight recess of his testimony before the grand jury, and was recaptured in Virginia several weeks later. At sentencing, defendant accused the People of failing to make reasonable efforts to relocate his family, thereby allegedly breaching a provision of the cooperation agreement in which they had agreed to "take all reasonable precautions to ensure defendant's safety and that of his family."

The court lawfully sentenced defendant in accordance with

his plea agreement. Even assuming that defendant's contention that the prosecution breached the plea agreement is not foreclosed by his waiver of his right to appeal, it is not preserved for appellate review due to his failure to move, at sentencing, to withdraw his plea or even to request a hearing before sentence was imposed (*People v Anonymous,* 253 AD2d 709, 710 [1998], *lv denied* 92 NY2d 980 [1998]; *People v Lopez,* 290 AD2d 323 [2002], *lv denied* 97 NY2d 757 [2002]). In any event, we find that the sentencing court properly rejected his assertions without a hearing. Defendant received a reasonable opportunity to present his contentions and the court was able to make an informed determination (*see People v Frederick,* 45 NY2d 520, 524-525 [1978]; *People v Tinsley,* 35 NY2d 926 [1974]). The record conclusively established that defendant had breached the plea agreement, and the People's statements to the sentencing court refuted defendant's assertion that they had breached the agreement by failing to relocate defendant's fiancée.

We also reject defendant's assertion that, in the plea allocution, the court made truthfulness the sole condition of defendant's cooperation, negating the other express terms of the written plea agreement. Under the agreement, defendant was required, among other things, to "furnish full and complete cooperation," "testify before the grand jury," and "refrain from any and all further criminal activity." Defendant's escape in the midst of his grand jury testimony clearly violated all of these conditions. The agreement also provided that the People would be the sole arbiter of whether defendant's performance warranted leniency (*see People v Johnson,* 291 AD2d 245 [2002], *lv denied* 98 NY2d 677 [2002]). Furthermore, during the plea allocution the court carefully warned defendant that he faced maximum consecutive sentences if the People found that his cooperation was "only partially satisfactory."

The record also supports the motion court's denial of defendant's CPL article 440 motion (*see People v Satterfield,* 66 NY2d 796, 799-800 [1985]). Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and McGuire, JJ.