# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**619**

**KA 08-00617**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                 MEMORANDUM AND ORDER

ANTHONY D. COLBERT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MATTHEW J. CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), rendered September 6, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), defendant contends that his guilty plea was not knowing, voluntary, and intelligent because Supreme Court failed to advise him of the possibility of civil confinement pursuant to the Sex Offender Management and Treatment Act ([SOMTA] Mental Hygiene Law § 10.01 *et seq.*). Defendant failed to move to withdraw the plea or to vacate the judgment of conviction on that ground and thus has failed to preserve his contention for our review (*see generally People v Pendelton*, 81 AD3d 1037, 1038; *People v Ortiz*, 43 AD3d 1348, *lv denied* 9 NY3d 1008). In any event, defendant's contention is without merit (*see People v Harnett*, 16 NY3d 200, 205-207). The possibility of civil confinement pursuant to SOMTA is a collateral consequence of a guilty plea, and the court therefore was not required to advise defendant of SOMTA's potential impact (*see id.* at 206). Although "a plea made in ignorance of [the] consequences [of SOMTA] may sometimes be proved involuntary . . . if a defendant can show that the prospect of SOMTA confinement was realistic enough that it reasonably could have caused him [or her], and in fact would have caused him [or her], to reject an otherwise acceptable plea bargain" (*id.* at 207), defendant failed to meet that burden. Thus, the court was not

required, as a matter of fundamental fairness, to advise defendant of the potential impact of SOMTA.

Entered:  May 6, 2011                                    Patricia L. Morgan
                                                        Clerk of the Court