# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1378**

**KA 09-01312**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

HERLAND W. BOUWENS, III, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (SCOTT P. FALVEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered May 8, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Contrary to defendant's contention, County Court did not err in refusing to conduct a hearing regarding a cooperation agreement with the People. The court participated in discussions regarding the agreement prior to the entry of the plea, and defendant also had "a reasonable opportunity to present his contentions" to the court at sentencing (*People v Saxon*, 28 AD3d 330, 331, *lv denied* 7 NY3d 763; *see generally People v Frederick*, 45 NY2d 520, 525). We therefore conclude that the court had an opportunity to make an informed determination whether defendant complied with the cooperation agreement (*see Saxon*, 28 AD3d at 331). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention that the terms of the plea agreement were ambiguous and that he should have been afforded the opportunity to withdraw his plea on the ground that it was not voluntarily entered because it was ambiguous (*see generally People v Colbert*, 84 AD3d 1755, *lv denied* 17 NY3d 815). This case does not fall within the narrow exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666). " 'In order to avoid disputes as to the promises made when a guilty plea is entered, the terms of the plea agreement should be explicitly and unambiguously set forth on the record' " (*People v Davey*, 193 AD2d 1108, 1108), and here

that requirement was met.

Entered:  December 23, 2011                   Frances E. Cafarell
                                              Clerk of the Court