People v Anonymous (2018 NY Slip Op 00921)





People v Anonymous


2018 NY Slip Op 00921


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Friedman, J.P., Sweeny, Kahn, Gesmer, Singh, JJ.


2575/08 5672 2410/09 5671

[*1]The People of the State of New York, Respondent,
v
Anonymous, Defendant-Appellant.


Law Office of Murray Richman, New York (Murray Richman of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Lori Ann Farrington of counsel), for respondent.



Judgments, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered July 5, 2012, convicting defendant, upon his pleas of guilty, of criminal sale of a controlled substance in the third degree, robbery in the first degree and tampering with physical evidence, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, unanimously affirmed. Defendant's claim that he should have received the originally-promised sentence in accordance with his plea agreement, or an evidentiary hearing on the issue of his degree of cooperation, is unpreserved because defendant neither requested a hearing nor moved to withdraw his plea before sentence was imposed (see e.g. People v Saxon, 28 AD3d 330, 331 [1st Dept 2006], lv denied 7 NY3d 763 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court properly imposed an enhanced sentence, regardless of defendant's level of cooperation, because evidence properly before us shows that he violated the plea agreement by undisputedly committing new crimes.
We further reject defendant's claim that his counsel's failure to request an evidentiary hearing constituted ineffective assistance. Given defendant's clear violation of the plea agreement, there was no factual dispute that required a hearing (see e.g. People v Malaj, 69 AD3d 487 [1st Dept 2010], lv denied 15 NY3d 776 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK