People v Espinal (2019 NY Slip Op 08945)





People v Espinal


2019 NY Slip Op 08945


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10563 704/18

[*1] The People of the State of New York, Respondent,
v
Edwin Espinal, Defendant-Appellant.


Marianne Karas, Thornwood, for appellant.
Darcel D. Clark, District Attorney, Bronx (Ryan J. Foley of counsel), for respondent.



Judgment, Supreme Court, Bronx County (George R. Villegas, J. at plea; Raymond L. Bruce, J. at sentencing), rendered September 27, 2018, convicting defendant of attempted burglary in the second degree, and sentencing him to a term of 3 years, unanimously affirmed.
Regardless of whether defendant's arguments survive his waiver of his right to appeal, we find them unavailing.
Defendant did not preserve his claim that the court should have conducted an inquiry under People v Outley (80 NY2d 702, 712 [1993]) into whether he violated the conditions of his plea agreement (see e.g. People v Saxon, 28 AD3d 330, 331 [1st Dept 2006], lv denied 7 NY3d 763 [2006]), and we decline to review it in the interest of justice.
Defendant's claim that his counsel rendered ineffective assistance by abandoning a request for an Outley inquiry is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK