People v Johnson (2024 NY Slip Op 05509)

People v Johnson

2024 NY Slip Op 05509

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

112792B
[*1]The People of the State of New York, Respondent,
v
Joseph Johnson, Appellant.

Calendar Date:October 15, 2024

Before:Clark, J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Alexis K. Rounds, Kingston, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered August 26, 2020 in Schenectady County, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
In satisfaction of a five-count indictment charging defendant with three counts of predatory sexual assault against a child, sexual abuse in the first degree and endangering the welfare of a child, defendant pleaded guilty to the reduced charge of rape in the first degree and agreed to waive his right to appeal. Supreme Court denied defendant's subsequent motion to withdraw his plea and sentenced him, in accordance with the terms of the plea agreement, to a prison term of 19 years, to be followed by 20 years of postrelease supervision. Defendant appeals.
In addition to challenging the validity of his appeal waiver, defendant also contends that his plea was not knowing, voluntary and intelligent and he did not receive the effective assistance of counsel because he was not informed of the potential consequence of being subjected to the Sex Offender Management and Treatment Act (hereinafter SOMTA), which provides for civil confinement of certain sex offenders after completion of their prison terms. As these claims impact the voluntariness of the plea, they are not precluded by the appeal waiver, regardless of its validity (see People v Saunders, 204 AD3d 1257, 1257 [3d Dept 2022]). Nevertheless, they are unpreserved for our review as the basis for defendant's challenges, i.e., not being informed of potential SOMTA civil consequences, was not the grounds upon which he moved to withdraw his plea (see People v Rios, 224 AD3d 1284, 1285 [4th Dept 2024], lv denied 41 NY3d 985 [2024]; People v O'Neill, 172 AD3d 1778, 1780 [3d Dept 2019], lv denied 34 NY3d 953 [2019]; People v Mosqueda, 161 AD3d 1107, 1107 [2d Dept 2018]; People v Colbert, 84 AD3d 1755, 1755 [4th Dept 2011], lv denied 17 NY3d 815 [2011]).[FN1] To the extent that defendant bases his claim of ineffective assistance of counsel on what counsel advised or did not advise him regarding SOMTA, this involves matters outside the record, which is more appropriately addressed in the context of a CPL article 440 motion (see People v Ward, 228 AD3d 1134, 1137 [3d Dept 2024]; People v Bailey, 224 AD3d 1044, 1046 [3d Dept 2024]).
Clark, J.P., Pritzker, Lynch and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Were we to reach this contention, we note that, inasmuch as SOMTA is a collateral consequence and there generally is no due process requirement for a defendant to be advised of such consequence, it is only under rare circumstances of fundamental fairness where such argument will be found to have merit (see People v Harnett, 16 NY3d 200, 206-207 [2011]; People v Okamura, 84 AD3d 1413, 1413 [2d Dept 2011], lv denied 17 NY3d 861 [2011]).