■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KMANSI REDWOOD, Appellant. [838 NYS2d 66]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered November 12, 2004, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him to a term of three years, unanimously affirmed.

The sentencing court conducted an inquiry sufficient to conclude that defendant had violated his plea agreement by failing to complete drug treatment (*see People v Outley*, 80 NY2d 702 [1993]), and it properly exercised its discretion in denying defendant's request for a hearing. Under the circumstances of the case, due process did not require an evidentiary hearing to resolve disputed factual issues (*see People v Valencia*, 3 NY3d 714 [2004]; *compare Torres v Berbary*, 340 F3d 63 [2d Cir 2003]). The court based its ruling on reliable reports from the drug treatment facility about defendant's poor performance. In particular, the report cited defendant's admission that he had committed serious misconduct. Before the sentencing court, defendant acknowledged having made this admission at the facility, but repudiated it. Defendant's explanation for making the admission was implausible, and the court properly rejected it without conducting an evidentiary hearing.

We note, in passing, that given the level of violence in the commission of the crime involved, as well as in another crime that same evening, defendant was not, in our view, a suitable candidate for an alternative-to-imprisonment disposition, such as residential drug treatment. That it failed comes as no surprise.

The court properly exercised its discretion in denying defendant youthful offender treatment, given the violent nature of the crime. Concur—Sullivan, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ.