Judgment, Supreme Court, New York County (Michael J. Obús, J.), rendered October 14, 2010, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree and resisting arrest, and sentencing him to an aggregate term of three years, unanimously affirmed.
Defendant’s claim that the court improperly imposed sentence without sufficient inquiry into the circumstances surrounding defendant’s departure from a diversion program is unpreserved because he neither requested further inquiry nor moved to withdraw his plea (see e.g. People v Malaj, 69 AD3d 487 [1st Dept 2010], lv denied 15 NY3d 776 [2010]), and we decline to review in the interest of justice. As an alternative holding, we find that defendant’s violation of the terms of the plea agreement was properly based upon a reliable letter from the program’s intake director and defendant’s own account of the events (People v Fiammegta, 14 NY3d 90, 98 [2010]; People v Valencia, 3 NY3d 714 [2004]; People v Redwood, 41 AD3d 275 [1st Dept 2007], lv denied 9 NY3d 880 [2007]). Accordingly, the court properly found that defendant had violated his plea agreement by absconding from the program and had thus forfeited the opportunity for a more lenient disposition.
We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Sweeny, DeGrasse, Richter and Feinman, JJ.