■ The People of the State of New York, Respondent, v John Hook, Appellant. [27 NYS3d 859]—

Judgment, Supreme Court, New York County (Patricia M. Nunez, J.), rendered September 26, 2013, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second drug felony offender, to a term of five years, unanimously affirmed.

The court properly found that defendant violated the no-arrest condition of his plea agreement, and thus forfeited the opportunity to have his conviction replaced by a misdemeanor conviction. There was a legitimate basis for the arrest (*see People v Outley*, 80 NY2d 702, 712-713 [1993]), notwithstanding that it resulted in an adjournment in contemplation of dismissal (*see People v Smith*, 248 AD2d 179 [1st Dept 1998], *lv denied* 91 NY2d 1013 [1998]). The prosecutor's statement indicated that defendant was arrested for assaulting his wife with a hot iron in front of their young son. Defendant conceded his involvement in the incident, but claimed justification. The court had ample basis to reject that defense (*see e.g. People v Redwood*, 41 AD3d 275, 275 [1st Dept 2007], *lv denied* 9 NY3d 880 [2007]), and in any event defendant was not entitled to a minitrial on the issue of whether the evidence disproved justification (*see Outley*, 80 NY2d at 712-713). Under the circumstances, the court properly exercised its discretion in declining to conduct a more extensive hearing or to consider police and medical records, and any error in this regard was harmless. Concur—Mazzarelli, J.P., Andrias, Saxe, Moskowitz and Kahn, JJ.