The People of the State of New York, Respondent,
against
Kester Grant, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Diana M. Boyar, J., at plea; Steven M. Statsinger, J., at sentencing), rendered July 25, 2014, convicting him, upon his plea of guilty, of criminal contempt in the second degree and sentencing him to 90 days in jail.




Per Curiam.
Judgment of conviction (Diana M. Boyar, J., at plea; Steven M. Statsinger, J., at sentencing), rendered July 25, 2014, affirmed.
The sentencing court conducted an inquiry sufficient to conclude that defendant had violated his plea agreement, and thus forfeited the opportunity to have his misdemeanor conviction replaced by a violation conviction (see People v Outley, 80 NY2d 702 [1993]). The court based its ruling on a report that defendant failed to complete the mandated family counseling sessions, and the prosecutor's statement indicating that defendant was subsequently arrested for assaulting his wife, the person in whose favor an order of protection had been issued. Defendant did not dispute his failure to attend the counseling sessions and conceded his involvement in the incident resulting in his post-plea arrest, although he claimed that his wife initiated contact and fabricated allegations so that he would not get custody of the couple's children. The court had ample basis to reject these defenses (see People v Hook, 138 AD3d 411 [2016]). Defendant was not entitled to a minitrial on the issues (see Outley, 80 NY2d at 712-713), or an indefinite postponement of sentencing to await the resolution of the new charges (see People v Bracy, 131 AD3d 538 [2015], lv denied 27 NY3d 1066 [2016]). In any event, any issue regarding the validity of the post-plea arrest was resolved by the fact that defendant subsequently entered a plea of guilty to one of the charged offenses (see People v Pinkston, 287 AD2d 294, 295 [2001], lv denied 97 NY2d 707 [2002]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 13, 2018