People v Bell (2018 NY Slip Op 04506)





People v Bell


2018 NY Slip Op 04506


Decided on June 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2018

Friedman, J.P., Sweeny, Webber, Kahn, Oing, JJ.


6904 3025/13

[*1]The People of the State of New York, Respondent,
v
Samuel Bell, Defendant-Appellant.


Christina Swarns, Office of the Appellate Defender, New York (Emma Luttrell Shreefter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ellen Stanfield Friedman of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered October 1, 2015, as amended October 27, 2015, convicting defendant, upon his plea of guilty, of attempted criminal sexual act in the first degree, burglary in the second degree as a sexually motivated felony, burglary in the second degree, robbery in the third degree, and grand larceny in the fourth degree (two counts), and sentencing him to an aggregate term of five years, unanimously affirmed.
The record does not establish that defendant made a valid waiver of his right to appeal. The transcript does not sufficiently demonstrate that defendant orally confirmed his understanding of the waiver (see People v Bradshaw, 18 NY3d 257, 267 [2011]).
However, we find that the court providently exercised its discretion in denying defendant's request for youthful offender treatment, in light of the seriousness of the offenses, his pattern of aggressive behavior, and his appropriate termination from a treatment program that he was required to complete as a condition of his plea agreement (see e.g. People v Baptiste, 116 AD3d 588 [1st Dept 2014], lv denied 24 NY3d 1081 [2014]).
The court properly found that there were no issues of fact requiring a hearing on whether defendant was properly terminated from the program. The legitimacy of the termination was abundantly established by the program's reliable reports setting forth defendant's increasingly serious misbehavior (see People v Redwood, 41 AD3d 275 [1st Dept 2007], lv denied 9 NY3d 880 [2007]), and the court's determination satisfied the requirements
of People v Fiammegta (14 NY3d 90, 98 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 19, 2018
CLERK