People v Vargas (2019 NY Slip Op 04661)





People v Vargas


2019 NY Slip Op 04661


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9598 704N/16

[*1]The People of the State of New York, Respondent,
v
Eric Vargas, Defendant-Appellant.


Marianne Karas, Thornwood, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for respondent.



Judgment, Supreme Court, New York County (Richard M. Weinberg, J. at plea; Patricia M. Nuñez, J. at sentencing), rendered February 6, 2018, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of two years, unanimously affirmed.
Defendant's challenges to the voluntariness of his plea are unpreserved (see People v Conceicao, 26 NY3d 375, 382 [2015]), and we decline to review them in the interest of justice. As an alternative holding, we find that the record as a whole establishes that the plea was knowingly, intelligently and voluntarily made (see generally People v Fiumefreddo, 82 NY2d 536, 544 [1993]). The plea colloquy, along with the written plea that defendant had discussed with counsel and signed, sufficiently advised defendant of the potential duration and completion requirements of the drug program that he was entering in order to earn dismissal of the charges.
Defendant also failed to preserve his argument that the court should have held a hearing as to his compliance with the program's requirements, and we likewise decline to review it in the interest of justice. As an alternative holding, we find that defendant was not entitled to a hearing (see People v Fiammegta, 14 NY3d 90 [2010]; People v Stephens, 108 AD3d 414 [1st Dept 2013], lv denied 21 NY3d 1077 [2013]), because the record, including defendant's own admissions, clearly established his violation of his plea agreement and forfeiture of the opportunity for a dismissal.
We have considered and rejected defendant's ineffective assistance of counsel claims relating to the lack of preservation (see People v Benevento, 91 NY2d 708, 713-14 [1998]; see also Strickland v Washington, 466 US 668 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK