People v Spruill (2021 NY Slip Op 06819)





People v Spruill


2021 NY Slip Op 06819


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Mazzarelli, Singh, Mendez, Higgitt, JJ. 


Ind No. 513/17 722/17 Appeal No. 14779-14779A Case No. 2019-837 2019-844 

[*1]The People of the State of New York, Respondent,
v
Kevin Spruill, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karl Z. Deuble of counsel), for respondent.



Judgments, Supreme Court, New York County (Curtis J. Farber, J.), rendered October 16, 2018, convicting defendant, on his pleas of guilty, of grand larceny in the third degree (two counts), unlawful possession of personal identification information in the third degree, conspiracy in the fifth degree and criminal possession of forgery devices, and sentencing him to an aggregate term of 3½ to 10½ years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of running the sentences concurrently, for an aggregate sentence of 2 to 6 years and vacating the surcharges and fees imposed at sentencing, and otherwise affirmed.
Defendant's claim that his sentence was improperly enhanced is unpreserved because he never moved to withdraw his plea or challenge the court's ruling that he had violated plea conditions (see People v Stephens, 108 AD3d 414 [1st Dept 2013], lv denied 21 NY3d 1077 [2013]). As an alternative holding, we find that the court providently exercised its discretion in imposing an enhanced sentence. We agree with defendant that the record fails to support the court's finding that he violated a plea condition directing him not to negate his guilt during the presentence investigation. However, the record supports the court's finding that defendant violated the plea condition requiring him to appear for sentencing. Defendant admitted that he came to court on the sentencing date, but then absconded from the courtroom and was only returned involuntarily pursuant to a bench warrant. This constituted a failure to comply with the plea terms (see People v Albergotti (17 NY3d 748 [2011]). However, considering the defendant's age at the time the offenses were committed, his lack of a criminal record and the nonviolent nature of the offenses, we find the sentence excessive to the extent indicated above.
Furthermore, based on the People's consent as a matter of prosecutorial discretion, and pursuant to our own interest of justice powers, we waive the surcharge and fees imposed at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021