People v Ramirez (2023 NY Slip Op 05794)

People v Ramirez

2023 NY Slip Op 05794

Decided on November 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 16, 2023

Before: Renwick, P.J., Kern, Gesmer, Shulman, O'Neill Levy, JJ. 

Ind No. 4265/15 Appeal No. 1030 Case No. 2019-4830 

[*1]The People of the State of New York, Respondent,
v
Eduardo Ramirez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered May 18, 2018, convicting defendant, upon his plea of guilty, of grand larceny in the third degree and identity theft in the first degree, and sentencing him, as a second felony offender, to concurrent terms of two to four years, unanimously affirmed.
Defendant's claim that the court imposed a prison sentence without sufficient inquiry into his termination from the substance abuse treatment program in which he enrolled as a term of his plea agreement is unpreserved (see People v Stephens, 108 AD3d 414 [1st Dept 2013], lv denied 21 NY3d 1077 [2013]), and we decline to review it in the interest of justice. As an alternative holding, we find that the sentencing court providently exercised its discretion in imposing sentence (see People v Fiammegta, 14 NY3d 90, 96 [2010]). The sentencing court conducted an inquiry sufficient to determine that defendant violated the plea agreement (see People v Outley, 80 NY2d 702, 712 [1993]). The record before the court adequately established that defendant violated the plea agreement by being rearrested and convicted (see People v Outley, 80 NY2d 702, 712-713 [1993]), and that he was terminated from the treatment program due to misconduct and unsatisfactory performance (see People v Bell, 162 AD3d 521, 521 [1st Dept 2018], lv denied 32 NY3d 935 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2023