People v Mateo (2025 NY Slip Op 01877)

People v Mateo

2025 NY Slip Op 01877

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, Michael, JJ. 

Ind No. 3954/18|Appeal No. 3974|Case No. 2021-00596|

[*1]The People of the State of New York, Respondent,
v
Juan Mateo, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

Judgment, Supreme Court, New York County (Ellen Biben, J.), rendered February 10, 2021, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him to a term of 3½ years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed on defendant at sentencing, and otherwise affirmed.
The court providently exercised its discretion in denying youthful offender treatment (see generally People v Drayton, 39 NY2d 580 [1976]), given the seriousness of the underlying crime, in which defendant acted in concert with others to rob and beat the victim (see People v Redwood, 41 AD3d 275, 276 [1st Dept 2007], lv denied 9 NY3d 88o [2007]). Further, defendant failed to comply with the conditions of his plea agreement, and was rearrested and indicted for attempted murder and related charges, which were pending at the time of sentencing (see People v Roberts, 228 AD3d 488, 489 [1st Dept 2024], lv denied 42 NY3d 1054 [2024]; People v Tyson, 144 AD3d 441 [1st Dept 2016], lv denied 28 NY3d 1189 [2017]). We perceive no basis to substitute a youthful offender adjudication in the interest of justice.
Based on our interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025