THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCIDES DIEQUEZ, Appellant. [731 NYS2d 829] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]), defendant contends that his postplea arrest for criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) was based on an illegal search and seizure and that County Court therefore erred in enhancing his sentence based on that arrest. We disagree.

At a hearing conducted pursuant to *People v Outley* (80 NY2d 702), the arresting officer testified that, on the day before the arrest, he observed defendant on a street corner engaged in what appeared to be a drug transaction and that one of the participants thereafter informed him that defendant was selling heroin. The next day the officer observed defendant on the same street corner engaged in the same type of activity. Upon searching defendant, the officer found that he was in possession of 20 decks of heroin. Contrary to the contention of defendant, an *Outley* hearing is not a suppression hearing. The record establishes that there was a legitimate basis for the arrest (*see, People v Outley, supra,* at 713) and thus it was properly used as the basis for enhancing defendant's sentence. (Appeal from Judgment of Monroe County Court, Marks, J.—Attempted Criminal Sale Controlled Substance, 3rd Degree.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.