People v Douglas
2026 NY Slip Op 03845
June 18, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
El-Shaquille Douglas, Also Known as Dolo, Appellant.

Decided and Entered:June 18, 2026
CR-23-0676 CR-23-2335
Calendar Date: April 22, 2026
Before: Aarons, J.P., Reynolds Fitzgerald, Powers, Corcoran And Ryba, JJ.

Dennis J. Lamb, Troy, for appellant.
Letitia James, Attorney General, New York City (James F. Gibbons of counsel), for respondent.

[*1]
Corcoran, J.
Appeals (1) from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered December 22, 2022, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the third degree, and (2) by permission, from an order of said court, entered November 9, 2023, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.
In June 2021, defendant and 12 other individuals were charged in a 134-count indictment arising from a narcotics trafficking enterprise operating in Albany County. As relevant here, defendant was charged with 20 felonies, including enterprise corruption, multiple counts of criminal sale of a controlled substance in the third degree, and various drug and weapon possession offenses. The indictment alleged that defendant sold oxycodone through a social media account and possessed a firearm and an extended magazine, both recovered during the execution of a search warrant at his residence.
In December 2021, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the third degree in full satisfaction of the indictment. In exchange, County Court promised to impose a prison term not to exceed six years upon his conviction of criminal sale of a controlled substance and a concurrent two-year prison term upon his conviction of criminal possession of a weapon, to be followed by two years of postrelease supervision, assuming that defendant complied with certain conditions, including that he refrain from committing any new crimes before sentencing. County Court further advised defendant that if he violated any of those conditions, it would not be bound by the agreed-upon sentence and could impose a greater term of imprisonment, including consecutive sentences. Defendant accepted those terms, executed a waiver of appeal and was released on bail pending sentencing.
Approximately four months later, prior to sentencing, defendant was arrested and charged with criminal possession of a weapon in the second degree when police recovered a loaded firearm from defendant's jacket following a pursuit recorded in part by a body-worn camera. Based on this event, the People argued that defendant violated a condition of the plea agreement and requested an enhanced sentence of 16 years of incarceration, the maximum aggregate sentence for the two crimes to which defendant pleaded guilty.
Defendant successfully moved to relieve his assigned plea counsel and was appointed substitute counsel. He then moved to withdraw his guilty plea, contending, among other things, that he did not knowingly, voluntarily and intelligently enter it due to the ineffective assistance of his plea counsel. County Court denied the motion. Following a hearing pursuant to People v Outley (80 NY2d 702 [1993]), County Court found that defendant violated a plea condition [*2]by committing a new crime and imposed consecutive determinate prison terms of eight years, to be followed by two years of postrelease supervision, upon the conviction of criminal sale of a controlled substance in the third degree and seven years, to be followed by three years of postrelease supervision, upon the conviction of criminal possession of a weapon in the third degree. County Court denied defendant's motion to set aside the sentence pursuant to CPL 440.20. Defendant appeals, and we affirm.
Defendant first contends that County Court erred in denying his motion to withdraw his guilty plea on the ground that it was not entered knowingly, voluntarily and intelligently. As a threshold matter, most of defendant's present claims are unpreserved, as they were neither raised in his motion to withdraw the plea, nor in a motion to vacate his conviction pursuant to CPL 440.10 (see People v Rios, ___ NY3d ___, ___, 2026 NY Slip Op 00963, *2-4 [2026]; People v Scott, 44 NY3d 302, 306 [2025]; People v Kadar, 244 AD3d 1669, 1671 [3d Dept 2025]; People v Morales, 119 AD3d 1082, 1084 n [3d Dept 2014], lv denied 24 NY3d 1086 [2014]). In his motion to withdraw the plea, defendant asserted that plea counsel coerced him to plead guilty, failed to prepare a defense and failed to adequately explain the consequences of the plea. However, he neither argued that County Court was required to advise him of his maximum sentencing exposure if convicted after trial, nor raised the error in the plea colloquy that he now asserts, "despite an adequate opportunity to do so" (People v Kadar, 244 AD3d at 1671). Accordingly, those specific contentions are not preserved for our review. To the extent that defendant now raises for the first time on appeal additional claims of ineffective assistance, including that plea counsel instructed him to desist from using disrespectful language, advised him how to respond during the plea colloquy, counseled him to accept responsibility, opined that he lacked a viable defense and failed to provide him with a copy of the search warrant, those contentions are also unpreserved (see People v Stefanovich, 233 AD3d 1183, 1184 [3d Dept 2024]).
Likewise, defendant's claim that his plea was rendered involuntary by counsel's alleged misapprehension that he faced a sentence of 40-50 years if convicted after trial, rather than a sentence capped at 30 years under Penal Law § 70.30 (1) (e) (i), is unpreserved.FN1 Nor does defendant's argument trigger the narrow exception recognized in People v Scott (44 NY3d at 306-308) for instances where a defendant lacks a practical ability to object to an error that is clear from the face of the record, such as where the court itself materially misstates the defendant's sentencing exposure during the plea colloquy. Here, County Court did not misstate defendant's maximum exposure, and the alleged miscalculation by counsel arose solely from an off-the-record attorney-client communication. Under these circumstances, defendant [*3]had a meaningful opportunity to raise this issue in his motion to withdraw the plea, and his failure to do so renders the claim unpreserved.
Turning to defendant's preserved claims that ineffective assistance of counsel impacted the voluntariness of his plea, those claims are either conclusory or belied by the record. Defendant unequivocally stated during the plea colloquy that he was satisfied with counsel's representation, that he discussed the evidence against him and possible defenses with counsel, and that he was entering the plea freely, without any force or coercion (see People v Williams, 235 AD3d 1066, 1068 [3d Dept 2025]). To the extent that defendant's claims are premised upon counsel's alleged failure to properly advise him regarding the plea implications or to prepare a defense, they involve matters outside the record and are more properly the subject of a CPL 440.10 motion (see id.; People v Stefanovich, 233 AD3d at 1184; People v Sharpton, 225 AD3d 1097, 1098 [3d Dept 2024], lv denied 41 NY3d 1020 [2024]). In light of his sworn statements and the favorable plea agreement, defendant has not demonstrated that he was deprived of meaningful representation (see People v Williams, 235 AD3d at 1068; People v Vences, 232 AD3d 991, 994 [3d Dept 2024], lv denied 45 NY3d 948 [2026]).
As for the denial of defendant's motion to withdraw his plea, "whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of the trial court, [but] withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement and an evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Bryan, 247 AD3d 1414, 1415 [3d Dept 2026] [internal quotation marks, brackets and citations omitted]; see People v Williams, 235 AD3d at 1068). Here, defendant's motion to withdraw his plea made the same allegations of ineffective assistance addressed above and, for the reasons already stated, those allegations are conclusory or involve matters outside the record. As the record does not present a genuine factual dispute requiring a hearing, County Court did not abuse its discretion in denying defendant's motion to withdraw his plea without a hearing (see People v Williams, 235 AD3dat 1069; People v Peterson, 225 AD3d 1098, 1100 [3d Dept 2024]; People v Nunnally, 224 AD3d 992, 993 [3d Dept 2024], lv denied 41 NY3d 1004 [2024]).
Turning to defendant's challenge to the enhanced sentence, County Court properly determined, following an Outley hearing, that defendant violated a condition of the plea agreement. A violation of an "explicit and objective plea condition" may result in an enhanced sentence, provided that the court conducts an inquiry sufficient to assure itself that the information relied upon is "reliable and accurate" (People v Dibble, 222 AD3d 1110, 1111 [3d Dept 2023] [internal quotation marks and citations omitted[*4]]; see People v Outley, 80 NY2d at 712; People v Brabant, 229 AD3d 892, 897 [3d Dept 2024]). Here, County Court expressly conditioned its sentencing promise on defendant's compliance with certain terms, including that he not "commit any crimes between now and the time of sentencing." During the Outley hearing, the People introduced, without objection, a certified copy of the indictment arising from defendant's postplea arrest, the underlying grand jury minutes, a test-fire report establishing that the firearm recovered from defendant's jacket was operable, body-worn camera footage depicting the police pursuit and defendant's possession of the weapon, and a transcript of the plea colloquy in this action. Defendant did not dispute that he unlawfully possessed a firearm and instead challenged the legality of the police conduct. Specifically, he proffered the minutes of the preliminary hearing conducted in the postplea gun possession case to demonstrate that police lacked a lawful basis to pursue and detain him and that recovery of the firearm from his person was the product of an unlawful seizure. However, "an Outley hearing is not a suppression hearing" (People v Diequez, 286 AD2d 991, 991 [4th Dept 2001]). Instead, the court's inquiry is whether reliable information establishes that defendant committed a crime, not whether the evidence would be admissible at trial (see People v Outley, 80 NY2d at 712). Consistent with that principle, courts may rely on a defendant's misconduct in the underlying uncharged crimes, as well as charges that do not result in a conviction, in determining whether he violated a "no-new-crime" condition of a plea agreement (see People v Terry, 38 AD3d 297, 297 [1st Dept 2007], lv denied 9 NY3d 927 [2007]; People v Styles, 285 AD2d 564, 564-565 [2d Dept 2001]; People v Smith, 248 AD2d 179, 179 [1st Dept 1998], lv denied 91 NY3d 1013 [1998]). On this record, the proof amply supported County Court's determination that defendant violated the conditions of the plea agreement by committing a new crime. Accordingly, County Court did not abuse its discretion in imposing an enhanced sentence.
We next consider defendant's CPL 440.20 motion to set aside the enhanced sentence after the firearm recovered from his jacket had been suppressed and the resulting criminal possession of a weapon charge (i.e., the "new crime" upon which County Court enhanced his sentence) was dismissed. In this motion, defendant essentially renewed his argument that his postplea arrest, supported by unlawfully obtained evidence, could not justify an enhanced sentence. County Court properly rejected that argument for reasons described above. Although the resulting charge was dismissed, County Court determined, based upon the reliable proof presented at the Outley hearing, that defendant's misconduct violated the plea agreement conditions, and thus properly denied defendant's CPL 440.20 motion.
Finally, we disagree with defendant's contention that his waiver of the [*5]right to appeal is invalid. An appeal waiver is valid where the record shows that it was knowing, intelligent and voluntary and that the defendant understood that the right to appeal is separate from the rights forfeited by a guilty plea (see People v Thomas, 34 NY3d 545, 559 [2019]). "[I]n determining whether the record demonstrates that a defendant understood an appeal waiver's consequences, proper considerations include the defendant's consultation with counsel and on-the-record acknowledgments of understanding, a written appeal waiver that supplements or clarifies the court's oral advice and the defendant's experience with the criminal justice system" (id. at 560; see People v Gamble, 190 AD3d 1022, 1024 [3d Dept 2021], lv denied 36 NY3d 1097 [2021]). Here, County Court explained the nature of the right to appeal and its distinction from the trial-related rights that defendant was waiving by his guilty pleas. When defendant initially indicated that he had not discussed the waiver with counsel, County Court paused the proceeding to permit consultation. Upon resuming, defendant confirmed that he had discussed the appeal waiver with counsel, understood it and wished to waive his right to appeal (see People v Thomas, 34 NY3d at 560; People v Ramos, 7 NY3d 737, 738 [2006]). Defendant executed a written waiver that distinguished between the rights waived by the plea agreement and those relinquished by the appeal waiver; the written waiver form advised defendant that certain claims could not be waived, including "constitutional speedy trial claims, challenges to the voluntariness of the guilty plea itself, and challenges to the legality of the sentence." In short, "the totality of the circumstances reveals that the [counseled] defendant understood the nature [and consequences] of the appellate rights being waived" (People v Thomas, 34 NY3d at 559), including "that appellate review remained available for certain issues" (id. at 564; see People v DeCutler, 245 AD3d 1111, 1112 [3d Dept 2026]; People v Morris, 237 AD3d 1325, 1326 [3d Dept 2025]; People v Joseph, 227 AD3d 1233, 1234-1235 [3d Dept 2024], lv denied 42 NY3d 1053 [2024]). Finally, "[g]iven the valid appeal waiver and County Court's advisement of the consequences of [committing a new crime] prior to sentencing, defendant's challenge to the severity of the enhanced sentence is precluded" (People v Gonzalez, 234 AD3d 1186, 1187 [3d Dept 2025]; see People v Lane, 233 AD3d 1207, 1209 [3d Dept 2024], lv denied 43 NY3d 945 [2025]).
Aarons, J.P., Reynolds Fitzgerald, Powers and Ryba, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1
Defendant's brief maintains that plea counsel advised him he faced 40-50 years of incarceration, but the text message presented to County Court indicated that counsel advised him "[y]ou are looking at like 40 years." Although the People now contend that plea counsel's advice may have contemplated defendant's higher exposure due to another pending charge, Penal Law § 70.30 (1) (e) (iv) permits a 40-year aggregate maximum only where a defendant is convicted of two violent felony offenses, at least one of which is a class B violent felony. Those circumstances were not present here.